Grinnell BURKE, Plaintiff-Respondent,

v.

E.L.C. INVESTORS, INC., an Illinois corporation, Donald Ryan, Larry Ryan, Otto Sprenger, David J. Parker, and Charles T. Franklin, as individuals, Defendants-Appellants,

ADMINISTRATOR OF the SMALL BUSINESS ADMINISTRATION, an Agency of the United States Government, and Lydia R. Halter, Defendants.

Court of Appeals

No. 81–2018. Submitted on briefs September 2, 1982.—Decided December 27, 1982.
(Also reported in 329 N.W.2d 259.)

For the defendants-appellants the cause was submitted on the brief of *K. Thomas Savage* and *James A. Brandvik* of *Jacobson & Brandvik* of Kenosha.

For the plaintiff-respondent the cause was submitted on the brief of *Jeffrey J. Davison* of *Ruetz & Ruetz, S.C.* of Kenosha.

Before Voss, P.J., Brown and Scott, JJ.

VOSS, P.J.   E.L.C. Investors, Inc., Donald Ryan, Larry Ryan, Otto Sprenger, David J. Parker and Charles T.

Franklin (E.L.C.) appeal from a default judgment of foreclosure allowing only a six month redemption period. On appeal, E.L.C. raises three issues:[1] (1) whether the trial court erred in applying the reduced redemption period for commercial mortgage foreclosure sales of six months as provided in sec. 846.103, Stats.,[2] to the foreclosure sale of premises mortgaged prior to the effective date of the statute; (2) if the six month redemption period is applied, whether this violates the United States Constitution[3] and Wisconsin Constitution[4] as impairing the obligation of contracts, and (3) whether there was an abuse of discretion on the part of the trial court in denying enlargement of time for answer. We conclude that this mortgage contract, which was entered into in

---

[1] E.L.C. has also alleged a breach of fiduciary duty on the part of Burke. We find that the determination of this issue has no bearing on the question of whether foreclosure should be allowed in this case. Accordingly, even though this issue could be raised in a separate action, we will not venture an opinion on this issue in the present case.

[2] Section 846.103, Stats., reads in pertinent part:

846.103 Foreclosures of commercial properties and multifamily residences. (1) No foreclosure sale involving real property other than a one- to four-family residence that is owner-occupied at the commencement of the foreclosure action, a farm, a church, or a tax-exempt nonprofit charitable organization may be held until the expiration of 6 months from the date when judgment is entered except a sale under sub. (2).

[3] U.S. CONST. art. I, § 10, provides, in part:

No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make any thing but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility.

[4] WIS. CONST. art. I, § 12, provides:

No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts, shall ever be passed, and no conviction shall work corruption of blood or forfeiture of estate.

1977 and controlled by the 1971 Wisconsin Statutes,[5] which provided for a redemption period of twelve months upon foreclosure, should not be altered by a 1978 legislative enactment which reduced the redemption period to only six months. Furthermore, we hold that if the six month redemption period, as provided in sec. 846.103 was applied, it would impair the obligation of the mortgage contract contrary to the United States and Wisconsin Constitutions. Finally, we conclude that there was not an abuse of discretion on the part of the trial judge in denying enlargement of time for answer. Accordingly, we modify the foreclosure judgment; those parts of the foreclosure judgment which are not at issue are affirmed.

On December 15, 1977, E.L.C. executed and delivered to Kenosha Savings & Loan Association a mortgage note and two mortgages securing real property located in Kenosha county, Wisconsin, commonly known as the Pheasant Valley Hunt Club. The mortgage note on this non-homestead property was in the sum of $275,000. The mortgages became first mortgages because of a subordination agreement signed by the former owners of the property. The five individual defendants and one other person each personally guaranteed prompt payment of a fraction of the mortgaged note. On October 22, 1980, the mortgagee's rights on the note were assigned to Burke.

The mortgagor failed to comply with the mortgage note by failing to make contractual payments of principal

---

[5] Section 278.10, Stats. (1971), reads in pertinent part:

278.10(1) If the plaintiff recovers the judgment shall describe the mortgage premises and fix the amount of the mortgage debt then due. . . .

(2) Any party may become a purchaser. But no such sale, except a sale under s. 278.101, shall be made or advertised until the expiration of *one year* from the date when such judgment is entered. . . . [Emphasis added.]

Section 278.10(1) and (2) were reenacted as sec. 846.10, Stats., in the 1975 statutes, but the wording remained identical.

and interest due on June 1, 1980, July 1, 1980, August 1, 1980 and September 1, 1980. The mortgagee then commenced a foreclosure action by the filing of a summons and complaint on September 16, 1980. Between October 2 and October 30, the various defendants entered notice of appearance but did not file an answer. On January 5, 1981, Burke filed a notice of motion for default judgment. On February 6, 1981, E.L.C. filed a motion for an enlargement of time to answer. E.L.C. alleges that it filed the motion as soon as it learned of the assignment of the mortgage to Grinnell Burke. E.L.C. claims Burke was a member of the group that organized a limited partnership to buy the land in question and that as a partner, he had a fiduciary responsibility. On April 15, 1981, the court denied E.L.C.'s motion. On September 16, 1981, the court entered the default judgment of foreclosure. That judgment ordered the sale of the property at any time after six months from the date of the judgment, per sec. 846.103, Stats.

E.L.C. argues that a mortgage contract entered into in 1977 and allegedly controlled at the time by a 1971 statute, which allowed for a redemption period of twelve months upon foreclosure, cannot be altered by a 1978 legislative enactment to reduce the redemption period to six months. We agree.

It is well-settled law, as our supreme court stated in *City of Milwaukee v. Raulf*, 164 Wis. 172, 184, 159 N.W. 819, 823 (1916), that "[t]he existing law of the land is a part of every contract and must be read into it." Thus, even though there is an absence of specific language setting forth the redemption period in the mortgage agreement, under *Raulf*, the existing law, sec. 278.10, Stats. (1971), which provides for a twelve month redemption period, should be treated as if it had been expressly referred to or incorporated in the terms of the original contract.

Next, E.L.C. contends that application of only a six month redemption period would violate the United States and Wisconsin Constitutions. We agree. We feel that if the six month redemption period is applied, it would alter the obligation of the mortgage contract and, therefore, would violate the United States and Wisconsin Constitutions as impairing the obligation of a contract.

The obligation of a contract is defined as the law or duty which binds the parties to perform their agreements. *Home Building & Loan Association v. Baisdell,* 290 U.S. 398, 429 (1934). In order for a legislative action to impair a contract, the challenged action of the legislature must have altered an existing contract in such a manner as to impose a loss on the party claiming the impairment. *Allied Structural Steel Co. v. Spannaus,* 438 U.S. 234, 240 (1978). More specifically, our supreme court in *In re Cranberry Creek Drainage District,* 202 Wis. 64, 68, 231 N.W. 588, 589 (1930), stated that "an act which in any degree, no matter how slightly, modifies the obligation of the contract by attempting to relieve the one party from any duty by the contract assumed, is repugnant to the constitutional prohibition." Thus, the question before this court is whether a reduction in the redemption period would modify the obligation of the mortgage contract.

This court feels that a fifty percent reduction in the redemption period would definitely modify the obligation of the mortgage contract and would impose a loss on E.L.C.[6] Because of this, we conclude that application of

[6] While we agree with the general rule that a party cannot be bound to a contract he or she did not bargain for, we are also cognizant of the fact that this freedom of contract is not unlimited. In *State ex rel. Building Owners & Managers Association of Milwaukee, Inc. v. Adamany,* 64 Wis. 2d 280, 294, 219 N.W.2d 274, 281 (1974), the Wisconsin Supreme Court stated that:

Every contract is subject to the law of the state when it is written, and will be subject to a law of the state enacted after the

sec. 846.103, Stats., which allows only a six month redemption period, would impair the obligation of this contract contrary to the United States and Wisconsin Constitutions.

Thirdly, E.L.C. contends that the trial court abused its discretion when it denied E.L.C.'s motion to enlarge the time for answering the summons and complaint served on it. Section 802.06(1), Stats., states that: "A defendant shall serve an answer within 20 days after the service of the complaint upon the defendant." The record shows that the summons and complaint were served on E.L.C. on September 16, 1980. Therefore, E.L.C.'s answer should have been served by October 6, 1980. Section 801.15(2)(a), Stats., reads:

(2) (a) When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. The 60 day period under s. 801.02 may not be enlarged. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect.

---

bargain if it is in the public interest, under the police power, to attach subsequent conditions to the contract.

The court in *Adamany,* however, indicated that two prerequisites must be met before this public interest exception may be invoked. They stated that:

legislative declaration of public policy, made either before or after the execution of a contract, becomes a part of that contract *if* the legislature makes it clear that such is its intention *and* if it can be determined, either by recitals in the legislation or by judicial notice, that vital public interests will be impaired if the legislation is not given effect and vital interests will be enhanced by enforcement of the legislation.

*Id.* at 299, 219 N.W.2d at 284 (emphasis added). We find that neither prerequisite has been met in the present case. Because of this, we hold that the public interest exception to the general rule would not apply. We also find no evidence that the legislature intended the new statute providing for a six month redemption period to be applied retroactively.

E.L.C.'s motion was filed on February 6, 1981, some four months after the answer actually was due. Furthermore, the record does not show that E.L.C.'s failure to act was the result of excusable neglect. Our supreme court in *Littman v. Littman,* 57 Wis. 2d 238, 250, 203 N.W.2d 901, 907 (1973), stated: "This court will affirm a discretionary order if there appears any reasonable basis for the trial court's decision." Since there is a reasonable basis for the trial court's decision, we conclude that the trial court did not abuse its discretion when it denied the motion to enlarge the time for answer.

In summary, we conclude that the proper redemption period in this instance is twelve months, as provided for in sec. 278.10(1) and (2), Stats. (1971), the statute in effect at the time the mortgage agreement was entered into. This court is of the opinion that if the six month redemption period, as provided for in sec. 846.103, Stats., is applied, this application would violate the United States and Wisconsin Constitutions. Finally, we hold that the trial court did not abuse its discretion when it denied the motion to enlarge the time for answer. Accordingly, we modify the foreclosure judgment; those parts of the foreclosure judgment which are not at issue are affirmed.

*By the Court.*—Judgment modified and affirmed.