Richard ROSSIE, Plaintiff-Respondent and Cross-Appellant,†

v.

STATE of Wisconsin/DEPARTMENT OF REVENUE; Micheal Ley, Secretary for the Wisconsin Department of Revenue; State of Wisconsin: The Honorable Bronson C. La Follette, Attorney General for the State of Wisconsin, Defendants-Appellants and Cross-Respondents.

Court of Appeals

*No. 85–0609. Submitted on briefs June 3, 1986.—Decided September 12, 1986.*

(Also reported in 395 N.W.2d 801.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-respondent and cross-appellant, the cause was submitted on the briefs of *Paul E. Sicula*, of Milwaukee.

For the defendants-appellants and cross-respondents, the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, and *Bruce A. Olsen*, assistant attorney general.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. Appellants, collectively the Department of Revenue (DOR), appeal a judgment permanently enjoining the DOR from using its internal disciplinary system to enforce two DOR administrative directives that prohibit smoking in all DOR facilities. Richard Rossie, a DOR employee, cross-appeals from that portion of the judgment declaring the directives to be valid. We hold that the two directives were validly promulgated and are not "rules" for the purposes of sec. 227.01, Stats. We also hold, however, that the trial court abused its discretion in granting the injunction. Accordingly, we affirm that part of the judgment holding that the directives are valid, and we reverse those parts of the judgment holding that the DOR exceeded its legislative grant of power and enjoining enforcement of the directives through the DOR's internal disciplinary system.[1]

---

[1] The DOR has moved to strike certain portions of Rossie's brief and appendix referring to certain documents that, according to the

The Clear Indoor Air Act became law in early 1984. Its pertinent parts are as follows:

101.123 Clean indoor air. (1) DEFINITIONS. In this section:
 . . . .

(d) "Person in charge" means the person who ultimately controls, governs or directs the activities aboard a public conveyance or within a place where smoking is regulated under this section, regardless of the person's status as owner or lessee.
 . . . .

(2) REGULATION OF SMOKING. (a) Except as provided in sub. (3), no person may smoke in the following places:
 . . . .

10. Any enclosed, indoor area of a state, county, city, village or town building.
 . . . .

(3) EXCEPTIONS. The regulation of smoking in sub. (2) does not apply to the following places:
 (a) Areas designated smoking areas under sub. (4).
 . . . .

(4) DESIGNATION OF SMOKING AREAS. (a) A person in charge or his or her agent may designate smoking areas in the places where smoking is regulated under sub. (2) unless a fire marshal, law, ordinance or resolution prohibits smoking. Entire

---

DOR, are wholly outside the record. The documents at issue were incorporated into Rossie's circuit court brief without objection. Our decision today would remain unchanged whether we consider the questioned documents or strike them. Because the documents are irrelevant to our decision, the DOR's motion is dismissed as moot.

rooms and buildings may be designated smoking areas.

. . . .

(8) PENALTIES. (a) On and after April 1, 1985, any person in charge or his or her agent who wilfully fails to comply with sub. (5) shall forfeit not more than $25.

(b) Sections 101.02(13)(a) and 939.61 (1) do not apply to this section.

(c) A violation of this section does not constitute negligence as a matter of law.

(9) INJUNCTION. After July 1, 1985, state or local officials or any affected party may institute an action in any court with jurisdiction to enjoin repeated violations of this section.

In September, 1984, the DOR issued the following two administrative directives:

## ADMINISTRATIVE DIRECTIVE 325-1.1

Section 101.123, Wis. Stats., created by 1983 Wisconsin Act 211 (The Clean Air Act) states that except as provided in 101.123(3), "no person may smoke in any enclosed, indoor areas of a state . . . building."

There will be no smoking in any areas within facilities controlled by the Department. All areas include by way of illustration and not of limitation, hallways, work area cubicles, aisles between cubicles, restrooms, private offices, reception areas, stairwells, and conference rooms.

In buildings that are owned by the state . . . smoking is permitted only in areas designated by the Department of Administration (generally the cafeteria/lunch room) . . . .

. . . .

346

[R]epeated infractions (occurring beyond September 30, 1984) will result in the imposition of progressive disciplinary action.

ADMINISTRATIVE DIRECTIVE 360-1.2

. . . .

The Department work rules are listed below. Violation of any of them will be considered sufficient grounds for disciplinary action ranging from reprimand to immediate discharge, depending upon the seriousness of the offense and/or the number of infractions.

*Wisconsin Department of Revenue Work Rules:*

All employes of the Department are prohibited from committing any of the following acts:

. . . .

20. ...smoking in an area of either a State or Department of Revenue owned or controlled facility which is not designated as a smoking area.

Rossie works for the DOR in a state-owned building. He has been a DOR employee, and a pipe smoker, for eighteen years. He brought this action for declaratory judgment and injunctive relief, asserting four reasons why the DOR could not lawfully discipline him for smoking at work: (1) the two directives are "rules" under sec. 227.01, Stats., and the DOR's failure to follow statutory rule-making procedures renders them invalid; (2) even if the directives are valid, the DOR exceeded its legislative grant of power under sec. 101.123, Stats., in issuing them; (3) enforcing sec. 101.123 against Rossie unconstitutionally denies him equal protection of the laws; and (4) sec. 101.123 unconstitutionally impairs Rossie's right to contract with his employer.

347

The trial court first ruled that the directives concerned the DOR's internal management and did not affect private rights and interests. As such, they fit the exception of sec. 227.01(11), Stats., and were not "rules" under sec. 227.01(9). Thus, the DOR did not have to follow the rule-making procedures of ch. 227, Stats. The court then decided that the legislature intended the injunctive remedy of sec. 101.123(9), Stats., to be the only sanction for violating sec. 101.123 and that, consequently, the directives could not be enforced via the DOR's internal disciplinary system. The court therefore permanently enjoined their enforcement through that system. The court did not reach Rossie's constitutional claims.

The following four issues are before this court on appeal and cross-appeal:

(1) Whether DOR directives 325-1.1 and 360-1.2 are invalid because of the DOR's failure to follow statutory procedures;

(2) Whether the trial court abused its discretion in enjoining the DOR's enforcement of the directives through its internal disciplinary system;

(3) Whether sec. 101.123, Stats., deprives Rossie of equal protection of the law; and

(4) Whether sec. 101.123 unconstitutionally interferes with Rossie's right to contract.

The DOR raises the second issue; Rossie raises the others.

## THE DIRECTIVES' VALIDITY

Section 227.01(9), Stats., defines an agency rule, which must be promulgated under the procedures in ch.

227. According to sec. 227.01(11)(a), however, "'[r]ule' as defined in sub. (9) does not include or mean . . . action or inaction of an agency . . . which . . . [c]oncerns the internal management of the agency and does not affect private rights or interests . . . ."

It is undisputed that the DOR did not follow the statutory rule-making procedure in issuing the two directives. Thus, they are not valid unless they fit within the exception of sec. 227.01(11)(a), Stats. It is also undisputed that the directives concern the DOR's internal management. The parties disagree, however, as to whether the directives affect private rights or interests.

The application of a statute to a particular set of facts is a question of law. *Bitters v. Milcut, Inc.*, 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983). This court decides questions of law independently without deference to the trial court's decision. *Ball v. District No. 4 Area Board*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Rossie argues that his "private rights and interests" are affected because if the directives go into effect, he will lose his job. This argument, however, neglects a crucial link in the cause-and-effect chain: Rossie's repeated violations of the smoking ban. Repeated violations of any of the work rules in directive 360-1.2 may lead to dismissal, but such a possibility does not in itself require that all work rules be promulgated according to the ch. 227, Stats., procedures for making agency "rules." Rather, as the trial court explained:

> "Private rights and interests" is not defined by statute or caselaw. However, it is apparent that they are rights and interests which are unrelated to the job or to the workplace. Otherwise, nearly all work

349

rules would fail to meet sec. 227.01(11)'s exception because they are, by definition, some type of restriction on employees' rights and interests.

If Rossie has any right or interest in smoking at his desk, it is related to his job and his workplace. The directives do not prevent him from smoking in the lunchroom, at home, or on the street. The right or interest involved, therefore, is not private. Consequently, the directives fit within the exception of sec. 227.01(11)(a), Stats., and are not "rules" under sec. 227.01(9). As such, they are not invalid due to the DOR's failure to follow statutory procedures in issuing them.

## THE INJUNCTION

Granting or denying an injunction is within the sound discretion of the trial court, and the trial court's decision will not be reversed on appeal absent an abuse of discretion. *Mercury Records Productions, Inc. v. Economic Consultants, Inc.*, 91 Wis. 2d 482, 500, 283 N.W.2d 613, 622 (Ct. App. 1979). A misapplication or erroneous view of the law is an abuse of discretion. *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968).

The trial court based its decision to grant the injunction on its legal conclusion that the DOR had exceeded its legislative grant of power under sec. 101.123, Stats., in enforcing its smoking ban with internal disciplinary procedures. The trial court's conclusion was based on its view of the legislative history behind sec. 101.123. Several amendments that would have made violators subject to fines were defeated, and one amend-

350

ment was passed that specifically made civil forfeitures inapplicable to violators of the statutory smoking ban. *See* sec. 101.123(8)(b). The trial court found that this history "illustrates a legislative intent that people smoking in violation of [sec.]101.123 not be punished."

This court need not defer to the trial court on matters involving the meaning of statutes. *Grogan v. Public Service Commission*, 109 Wis. 2d 75, 77, 325 N.W.2d 82, 83 (Ct. App. 1982). Section 111.90(2), Stats., provides that the state, as an employer, has the right to "[m]anage the employes of the agency; . . . and in that regard establish reasonable work rules." The state employer may also take "appropriate disciplinary action against the employe for just cause." Section 111.90(3). The DOR's directives establish a work rule prohibiting smoking. Because a person in charge is not required to designate any smoking area, *see* sec. 101.123(4), Stats., the work rule is reasonable. Violators of the work rule are subject to disciplinary action. We conclude that the DOR was authorized under sec. 111.90 to issue the directives.

If an injunction against a smoker is the only means of enforcing sec. 101.123, Stats., then there seems to be a conflict between secs. 101.123 and 111.90, Stats. When there is a conflict or inconsistency between statutes on the same subject matter, we must construe the statutes in a manner that harmonizes them in order to give each full force and effect. *State Central Credit Union v. Bigus*, 101 Wis. 2d 237, 242, 304 N.W.2d 148, 151 (Ct. App. 1981).

> It is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to

351

the same subject matter. In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes. Thus, they all should be construed together.

N. Singer, 2A *Sutherland on Statutes and Statutory Construction* sec. 51.02 at 453 (Sands rev. 4th ed. 1984) (footnotes omitted).

Section 101.123(8), Stats., provides that "any person in charge" is subject to a $25 forfeiture for violating the statute but that other violators, presumably smokers, are not subject to civil forfeitures. Subsection (9) provides that any affected party may seek injunctive relief against repeated violations. The statute and its history indicate to us that while the legislature clearly did not intend violators (other than "persons in charge") to be fined, it did not preclude remedies other than injunctions and civil forfeitures.

Construing the statutes together, we conclude that sec. 101.123, Stats., does not limit a state agency's authority under sec. 111.90, Stats., to issue work rules that regulate smoking. Because the trial court's view of the law was erroneous, it abused its discretion in granting the injunction. That part of the judgment is therefore reversed.

## EQUAL PROTECTION

Rossie asserts that the statutory classifications that include him "and his fellow smokers at the DOR," while excluding others, deny him the equal protection of the law in violation of the fourteenth amendment. He argues that there is no rational basis for the statutory

classifications that prohibit his smoking while allowing smoking in many other places. We hold that the statute does not violate the equal protection clause.

Our analysis of an equal protection challenge is governed by the following principles:

> A legislative classification is presumed to be valid. The burden of proof is upon the challenging party to establish the invalidity of a statutory classification. Any reasonable basis for the classification will validate the statute. Equal protection of the law is denied only where the legislature has made irrational or arbitrary classification. The tests to be applied in determining whether there has been a reasonable legislative classification in this state are five-fold: (1) All classification must be based upon substantial distinctions; (2) the classification must be germane to the purpose of the law; (3) the classification must not be based on existing circumstances only; (4) the law must apply equally to each member of the class; and (5) the characteristics of each class should be so far different from those of other classes as to reasonably suggest the propriety of substantially different legislation. *The basic test is not whether some inequality results from the classification, but whether there exists any reasonable basis to justify the classification.*
>
> Judicial response to a challenged legislative classification requires only that the reviewing court locate some reasonable basis for the classification made.

*Omernik v. State*, 64 Wis. 2d 6, 18–19, 218 N.W.2d 734, 741–42 (1974) (footnotes omitted and emphasis added). In searching for that reasonable basis, we note that absolute equality and complete conformity of legislative

classifications are not constitutionally required. *WKBH Television, Inc. v. DOR*, 75 Wis. 2d 557, 566, 250 N.W.2d 290, 294 (1977). A statute does not violate the equal protection clause merely because it is not all-embracing. The state may direct its laws against problems it perceives without covering the entire field of possible abuses. *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 512, 261 N.W.2d 434, 444 (1978).

Our task is to locate a reasonable basis for prohibiting smoking in "[a]ny enclosed, indoor area of a state . . . building," sec. 101.123(2)(a)10, Stats., while not prohibiting it in the following places:

 (a) Areas designated smoking areas under [sec. 101.123] (4).

 (b) Offices occupied exclusively by smokers.

 (c) Entire rooms or halls used for private functions, if the arrangements for the function are under the control of the sponsor of the function.

 (d) Restaurants holding a "Class B" intoxicating liquor or Class "B" fermented malt beverage license if the sale of intoxicating liquors or fermented malt beverages or both accounts for more than 50% of the restaurant's receipts.

 (e) Offices that are privately owned and occupied.

 (f) Any area of a facility used principally to manufacture or assemble goods, products or merchandise for sale.

 (g) Prisons, secured correctional facilities, secure detention facilities, jails and lockup facilities.

Section 101.123(3). The statutory prohibition is also inapplicable to bowling alleys and to restaurants with seating capacities of fifty persons or less. Section 101.123(1)(f) and (g).

Section 101.123(2)(a)10, Stats., prohibits smoking in government buildings. Nonsmokers, as government employees or members of the public, may not avoid these buildings without great inconvenience. Smoking is similarly prohibited in other areas that the public may not easily avoid, such as public conveyances, hospitals, and public waiting rooms. Section 101.123(2)(a). The smoking ban does not apply, in contrast, to areas that nonsmokers may easily avoid, such as privately owned and occupied offices, private halls, small restaurants, and bowling alleys.

These distinctions are both substantial and germane to the purpose of the statute, which is to regulate smoking. Section 101.123, Stats., was enacted after the legislature heard testimony concerning the health and safety risks of smoking and of exposing nonsmokers to cigarette smoke. The statutory smoking ban is a valid exercise of the legislature's police power. *See State ex rel. Adams v. Burdge*, 95 Wis. 390, 398-99, 70 N.W. 347, 349 (1897). The areas excepted from the ban, for the most part, do not present the same degree of risk to nonsmokers because those places can be avoided without great inconvenience to the nonsmoker, because nonsmokers are not present, or because the plenary authority of those in charge makes state regulation of smoking unnecessary.

"It is no requirement of equal protection that all evils of the same genus be eradicated or none at all." *Railway Express Agency, Inc. v. New York*, 336 U.S. 106, 110 (1949). Section 101.123, Stats., prohibits smoking in many public places where people must go, and does not prohibit it in many places where people need

not go. We conclude that there is a reasonable basis for the statutory classifications.

## CONTRACT CLAUSES

Finally, Rossie argues that sec. 101.123, Stats., violates his constitutionally protected contract rights. He asserts that the DOR's 1976 rule allowing him to smoke at his desk is a term of his implied employment contract, which has been impaired by the DOR's smoking ban. We reject his argument.

Both the federal and state constitutions prohibit the state from enacting laws that impair the obligation of contracts. *See* U.S. Const. art. I, sec. 10; Wis. Const. art. I, sec. 12. The first step in analyzing a contract clause problem is to determine whether an obligation of contract has been impaired. *State ex rel. Cannon v. Moran*, 111 Wis. 2d 544, 554, 331 N.W.2d 369, 374 (1983). For an impairment of contract to exist, the challenged act of the legislature must have altered the existing contract in such a way as to impose a loss on the party challenging the contract. *Burke v. E.L.C. Investors, Inc.*, 110 Wis. 2d 406, 411, 329 N.W.2d 259, 262 (Ct. App. 1982).

We do not address whether the DOR's 1976 smoking policy is a term or condition of Rossie's employment and, hence, a term of his implied employment contract. Rather, we merely assume for our analysis that the 1976 directive is part of Rossie's contract, such that he has a contractual right to smoke at his desk.

Section 101.123(4), Stats., authorizes the DOR to designate smoking areas in places, such as Rossie's

office, that are under its control. The DOR, therefore, is free to issue a directive reinstating its 1976 smoking policy. Hence, sec. 101.123 does not prevent the DOR from fulfilling its contractual obligation to Rossie. The DOR simply chose not to exercise its statutory authority to designate Rossie's office a smoking area. Thus, the DOR, not the legislature, is responsible for any contractual loss that Rossie may have suffered. We conclude that sec. 101.123 does not impair any contract that Rossie may have with the DOR.

In conclusion, we hold that Rossie's constitutional challenges to sec. 101.123, Stats., must fail. We affirm the trial court's holding that the challenged DOR directives are properly promulgated work rules but we reverse its holding that the DOR may not enforce its smoking ban through its internal disciplinary procedures. The injunction, therefore, is dissolved.

*By the Court.*—Judgment affirmed in part and reversed in part.