THOMAS MCALLISTER, APPELLANT, V.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES AND
NEBRASKA DEPARTMENT OF ADMINISTRATIVE SERVICES
(NEBRASKA STATE PERSONNEL BOARD), APPELLEES.

573 N.W. 2d 143

Filed February 6, 1998.    No. S-96-373.

J. Murray Shaeffer for appellant.

Don Stenberg, Attorney General, and Hobert B. Rupe for appellees.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CONNOLLY, J.

Appellant, Thomas McAllister, an employee of appellee the Nebraska Department of Correctional Services (Department), was terminated pursuant to Department administrative regulation No. 112.6, Employee Discipline, rule C-V006 - Conduct Inappropriate for a State Employee. McAllister contends that his termination did not comport with due process. Specifically, McAllister asserts that regulation No. 112.6 prescribes a penalty and therefore is a "rule or regulation" within the meaning of the Administrative Procedure Act (APA), which requires that such rules or regulations must be filed with the Secretary of State. We conclude that regulation No. 112.6, which prescribes a penalty, is a rule or regulation within the meaning of the APA. Because regulation No. 112.6 has not been filed with the Secretary of State, it is invalid. Accordingly, McAllister's termination pursuant to regulation No. 112.6 was a denial of due process. Thus, we reverse.

## BACKGROUND

McAllister, a 19-year employee of the Department, was employed at the Lincoln Correctional Center when the Department charged him with violating Department regulation No. 112.6, rule C-V006 - Conduct Inappropriate for a State Employee and rule C-V007 - Being in an Unalert State. These charges were the result of allegations that McAllister had fallen asleep while on duty. A disciplinary hearing was held by the members of the management of the Lincoln Correctional Center, who found McAllister guilty of violating rule C-V006 and recommended immediate termination of McAllister's employment. The director of the Department adopted the management's recommendation.

After McAllister's employment was terminated, he filed a grievance with the Nebraska State Personnel Board. A hearing officer found that the Department had just cause and acted in good faith in disciplining McAllister and that the discipline imposed was proper. The board adopted the recommendation of the hearing officer, and McAllister appealed to the district court for Lancaster County, which affirmed the board's decision.

The district court held that the Department was not required to file regulation No. 112.6 with the Secretary of State because it fit within the " 'internal management' exception" of the APA. The district court determined that since both McAllister and the Department are subject to the Nebraska Classified System Personnel Rules, 273 Neb. Admin. Code. (1993), which are on file with the Secretary of State, these rules satisfied McAllister's due process rights.

## ASSIGNMENTS OF ERROR

McAllister asserts that the district court erred in (1) determining that regulation No. 112.6 dealing with discipline of employees was an internal regulation not required to be filed with the Secretary of State, pursuant to the APA; (2) taking judicial notice, sua sponte, of title 273 of the Nebraska Administrative Code; (3) determining that the holding in *Nebraska Dept. of Correctional Servs. v. Hansen*, 238 Neb. 233, 470 N.W.2d 170 (1991), was applicable to this case; and (4) determining that the evidence supported the charge that McAllister was asleep for 30 minutes.

## SCOPE OF REVIEW

On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Sacco v. Carothers, ante* p. 9, 567 N.W.2d 299 (1997).

## ANALYSIS

McAllister asserts that he was denied procedural due process when his employment was terminated by the Department pursuant to regulation No. 112.6, which had not been filed with the Secretary of State as required by the APA. "The central meaning of procedural due process is that parties whose rights are to

be affected are entitled to be heard, and, in order that they may enjoy that right, they must first be notified." *Dannehl v. Department of Motor Vehicles*, 3 Neb. App. 492, 499, 529 N.W.2d 100, 105 (1995). When an individual is entitled to the protections of the APA, as is McAllister, the notice and hearing required by procedural due process is governed by the Legislature. See *Gausman v. Department of Motor Vehicles*, 246 Neb. 677, 522 N.W.2d 417 (1994). Neb. Rev. Stat. § 84-906 (Reissue 1987) of the APA provides that "[n]o rule or regulation of any agency shall be valid as against any person until five days after such rule or regulation has been filed with the Secretary of State." We have previously indicated that according to the plain meaning of § 84-906, it is irrelevant whether or not an individual has actually been prejudiced by an agency's failure to file a rule or regulation with the Secretary of State. See *Gausman v. Department of Motor Vehicles, supra*. Rather, we stated:

> Although the [D]epartment [of Motor Vehicles] claims it complied with procedural due process by affording [the appellant] timely notice of the hearing, an opportunity to refute or defend against the charge, an opportunity to confront and examine adverse witnesses, and a hearing before an impartial decisionmaker, the department's failure to comply with § 84-906 is a denial of due process.

*Gausman*, 246 Neb. at 684, 522 N.W.2d at 421.

The State does not dispute McAllister's contention that the Department's employee disciplinary regulations were not filed with the Secretary of State. Accordingly, we must determine whether the Department's regulations were valid as applied to McAllister even though they were not filed in accordance with § 84-906 of the APA.

The district court determined that because both McAllister and the Department are governed by the Nebraska Classified System Personnel Rules, which have been properly filed, McAllister's procedural due process rights were satisfied. Likewise, the Department argues that McAllister's discipline was validly imposed pursuant to the provisions of the labor contract between the State of Nebraska and specified bargaining units, one of which includes McAllister. However, both the district court and the Department ignore the procedural posture of

the instant case. Although the Department may have properly disciplined McAllister according to the Nebraska Classified System Personnel Rules or the labor contract, matters which we need not decide, the Department chose not to do so. Rather, our review of the record indicates that the Department's disciplinary action against McAllister was brought pursuant to Department regulation No. 112.6. The letter of recommended disciplinary action from Warden Robert P. Houston to the director of the Department stated that McAllister's disciplinary hearing "was held in accordance with DCS Regulation 112.6." In accordance with that recommendation, the director found McAllister guilty of a violation of rule C-V006 - Conduct Inappropriate for a State Employee, which is contained within regulation No. 112.6. Accordingly, we limit our review to the validity of Department regulation No. 112.6. See *Dannehl v. Department of Motor Vehicles, supra.*

As we have stated, an agency's rules or regulations are invalid unless they are filed with the Secretary of State. *Gausman v. Department of Motor Vehicles, supra.* Thus, if the employee disciplinary regulations of the Department are "rules and regulations" within the meaning of the APA, we must declare those rules and regulations invalid. Neb. Rev. Stat. § 84-901(2) (Reissue 1987) of the APA defines "rule or regulation" as

> any rule, regulation, or standard issued by an agency . . . designed to implement, interpret, or make specific the law enforced or administered by it or governing its organization or procedure, but not including rules and regulations concerning the internal management of the agency not affecting private rights, private interests, or procedures available to the public . . . for the purpose of the Administrative Procedure Act, every rule and regulation which shall prescribe a penalty shall be presumed to have general applicability or to affect private rights and interests . . . .

The Department argues that the regulations at issue are not rules and regulations within the meaning of the APA because they concern the internal management of the Department and do not affect private rights, private interests, or procedures available to the public. McAllister, however, contends that the Department's employee disciplinary regulations are rules and regulations

within the meaning of the APA because they constitute a penalty, which creates a presumption that they affect private rights and interests.

The instant case is similar to *Rossie v. State Rev. Dept.*, 133 Wis. 2d 341, 395 N.W.2d 801 (Wis. App. 1986). In *Rossie*, the Wisconsin Department of Revenue appealed a judgment enjoining it from enforcing two administrative directives that prohibited smoking in any of its facilities. Wisconsin's statute defining administrative "rules" subject to the State's rule-making procedures did not include any " 'action or inaction of an agency . . . which . . . [c]oncerns the internal management of the agency and does not affect private rights or interests . . . .' " *Id.* at 349, 395 N.W.2d at 805. The parties did not dispute that the directive concerned internal management; rather, the issue was whether the directives affected private rights or interests. The court held that neither private rights nor interests were involved and that thus, the directives were not "rules" within the meaning of the statute.

The court stated that the possibility that the employee may be terminated did not require that all disciplinary regulations be promulgated in accordance with its statute.

> " 'Private rights and interests' is not defined by statute or caselaw. However, it is apparent that they are rights and interests which are unrelated to the job or to the workplace. Otherwise, nearly all work rules would fail to meet [the statute's] exception because they are, by definition, some type of restriction on employees' rights and interests."

*Id.* at 349-50, 395 N.W.2d at 805.

However, unlike the Wisconsin statute at issue in *Rossie*, Nebraska's APA does define "private rights and interests" to the extent that it states that any rule or regulation prescribing a penalty creates a presumption that the rule or regulation at issue affects such rights and interests. See § 84-901(2). Section 84-901(2) does not necessarily limit "private rights and interests" to those which are unrelated to the workplace. Therefore, the issue is whether Department regulation No. 112.6 prescribes a *"penalty."* If so, it is *presumed* to affect private rights and interests, regardless of whether the rights or interests at stake are those of an agency employee or some other individual.

Although the APA does not define "penalty," in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997). Black's Law Dictionary 1133 (6th ed. 1990) states that "penalty" is "[a]n elastic term with many different shades of meaning . . . although its meaning is generally confined to pecuniary punishment." Assuming arguendo that the definition of "penalty" is limited to pecuniary punishment, a matter we need not decide, the Department's employee disciplinary regulations still constitute a "penalty." A violation of the Department's employee disciplinary regulations may result in suspension without pay, demotion, or reduction in salary within a salary grade, all of which are pecuniary punishments. Thus, the Department's employee disciplinary regulations prescribe a penalty, creating a presumption that they affect private rights and interests.

Because regulation No. 112.6 is presumed to affect private rights and interests, it does not fit within the internal management exception of § 84-901. We conclude that Department regulation No. 112.6 is a rule or regulation within the meaning of the APA and that it is therefore invalid as it was not filed with the Secretary of State.

We recognize that filing employee disciplinary rules and regulations with the Secretary of State may impose a burden on administrative agencies. The 1981 Model State Admin. Proc. Act § 3-116, comment, 15 U.L.A. 56 (1990), states the purpose of exempting certain rules and regulations from the usual rule-making procedure:

> The exemptions from usual rule-making procedures and publication requirements . . . represent an effort to strike a fair balance between the need for public participation in, and adequate publicity for, agency policymaking on the one hand, and the conflicting need for efficient, economical, and effective government on the other hand.

For rules and regulations that prescribe a penalty, including those dealing with internal employee discipline, Nebraska's Legislature has struck the balance in favor of public participa-

tion and adequate publicity. This court cannot say that a fair balance has not been struck. If it so chose, the Legislature could have excluded employee disciplinary regulations from the requirements of the APA.

Because we have already concluded that the Department's rules and regulations are invalid, we need not address McAllister's remaining assignments of error.

## CONCLUSION

We conclude that Department regulation No. 112.6, which was not filed with the Secretary of State, is a rule or regulation within the meaning of the APA. Thus, regulation No. 112.6 is invalid as against McAllister. Because McAllister was charged and found guilty of violating an invalid regulation, he was not afforded procedural due process. Accordingly, McAllister's discipline was improper, and the district court's decision does not conform to the law.

REVERSED.

White, C.J., participating on briefs.