STEVEN J. HAUSER, APPELLANT, V. NEBRASKA POLICE STANDARDS ADVISORY COUNCIL AND NEBRASKA COMMISSION ON LAW ENFORCEMENT AND CRIMINAL JUSTICE, APPELLEES.

694 N.W.2d 171

Filed March 25, 2005. No. S-03-1386.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., for appellant.

Terri M. Weeks, of Boucher Law Firm, Special Assistant Attorney General, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The Nebraska Commission on Law Enforcement and Criminal Justice (Commission) approved the revocation of Steven J. Hauser's Nebraska law enforcement certificate. The Hall County District Court affirmed the Commission's decision, and Hauser appeals.

## SCOPE OF REVIEW

■ A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act (APA) may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Lein v. Nesbitt, ante* p. 109, 690 N.W.2d 799 (2005).

■ When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Id.*

## BACKGROUND

Hauser received his certification as a law enforcement officer and became a Nebraska state trooper in 1978. In 1999, the executive director of the Commission received a petition signed by residents of North Platte, Nebraska, and the vicinity requesting revocation of Hauser's law enforcement certificate. The executive director requested an investigation pursuant to 79 Neb. Admin. Code, ch. 9, § 006.02 (1998), to determine whether the allegations against Hauser were within the purview of Neb. Rev. Stat. § 81-1403(5) (Reissue 1999) (now found at § 81-1403(6) (Cum. Supp. 2004)).

Following the investigation, the Nebraska Law Enforcement Training Center (Training Center), acting as the relator on behalf

of the State of Nebraska, filed an administrative complaint against Hauser with the Nebraska Police Standards Advisory Council (Council). The operative complaint alleged that he had abused his wife throughout 1998; provided false information to a law enforcement officer; and violated the duties and responsibilities set forth in his oath of office and various policies, codes, and canons of ethics of the Nebraska State Patrol (State Patrol). The complaint also alleged that Hauser's actions represented incompetence, neglect of duty, and/or physical, mental, or emotional incapacity which warranted revocation. Hauser's amended answer challenged the substance of the complaint and the procedure employed.

The matter came before the Council in August 2000, and at Hauser's request, the hearing was bifurcated. The first stage addressed claims relating to the Council's authority to hear the matter. The evidence presented established that the Council initially reviewed the rules in title 79, chapter 9, of the Nebraska Administrative Code; passed on the rules; and relayed them to the Commission, which then approved and formally promulgated the rules pursuant to the APA. There was no evidence adduced that the State Patrol's code of ethics or the State Patrol's disciplinary procedures and code of conduct had been promulgated under the APA or filed with the Nebraska Secretary of State. The Council determined that it had jurisdiction and proceeded to the merits of the allegations against Hauser.

After hearing evidence regarding the alleged misconduct, the Council found that Hauser had physically abused his wife several times in 1998 and had lied to an investigating officer regarding one of those incidents. It concluded that Hauser's actions amounted to a neglect of his duties and emotional incapacity. Finding that the State had proved the existence of one or more statutory grounds for revocation of Hauser's law enforcement certificate, the Council ordered such revocation.

The matter was then forwarded to the Commission. The Commission found that Hauser's behavior violated the State Patrol's code of ethics, the canons of police ethics, and those regulations governing general rules of conduct and demonstrated neglect of duty and emotional incapacity as set out in § 81-1403(5). It found that lying to an investigating officer also

violated the codes set forth above. Based upon such findings and conclusions of law, the Commission approved revocation of the Nebraska law enforcement officer certificate issued to Hauser.

Hauser appealed to the district court under the APA. The district court reversed the Commission's decision, concluding that it was made in excess of the Commission's statutory authority, that the Commission had no power to revoke Hauser's certificate, and that the Council had not passed any rules or regulations governing the revocation of law enforcement certificates.

The Council and the Commission appealed, and we reversed, finding that the district court erred in determining that the regulations promulgated concerning the revocation of certificates were invalid. See *Hauser v. Nebraska Police Stds. Adv. Council*, 264 Neb. 605, 650 N.W.2d 760 (2002). We noted that the Commission and the Council were not separate agencies; rather, the Council was a standing committee of the Commission. As such, the Commission was charged with the promulgation, adoption, and filing of rules and regulations with the Secretary of State. We concluded that the Commission had performed these functions with respect to the regulations concerning revocation of certificates and that such regulations were valid. We therefore remanded the cause to the district court for further proceedings.

On remand, the district court found that the Council and the Commission could consider the internal policies and oath of office of the State Patrol in determining whether there were statutory grounds for revoking Hauser's law enforcement certificate. It found by clear and convincing evidence that Hauser had violated § 81-1403(5) by neglecting his duties and conducting himself in such a manner as to show emotional incapacity to continue to be a certified law enforcement officer. It therefore affirmed the decisions of the Council and the Commission which revoked Hauser's law enforcement certificate. Hauser timely appealed.

## ASSIGNMENTS OF ERROR

Hauser assigns the following errors to the decision of the district court: (1) the court's conclusion that it was proper for the Council and the Commission to rely on the State Patrol's codes of ethics and conduct and Hauser's oath of office in revoking his law enforcement certificate; (2) the court's finding that clear and

convincing evidence established the statutory grounds for revoking his law enforcement certificate; (3) the court's failure to find due process violations stemming from the participation of the Nebraska Attorney General in the revocation process; and (4) the court's application of 2000 Neb. Laws, L.B. 994, in reaching its decision.

## ANALYSIS

### CODES OF CONDUCT AND ETHICS

Hauser argues that the district court erred in finding that the State Patrol's codes of conduct and ethics and his oath of office could be taken into consideration in determining whether he neglected his duties or lacked the emotional capacity to possess a law enforcement certificate. He claims that these policies should not have been considered because they were not adopted pursuant to the APA.

Hauser asserts that our decision in *McAllister v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 910, 573 N.W.2d 143 (1998), prevents the use of the State Patrol codes of conduct and ethics and the oath of office in evaluating his conduct because they have not been filed with the Secretary of State. *McAllister* involved an agency's disciplinary regulations that had not been filed with the Secretary of State pursuant to the APA. We held that agency rules and regulations that prescribe a penalty must be filed pursuant to the APA. The disciplinary regulations applied in *McAllister* contained a penalty provision, and therefore, we held they were invalid.

Hauser's argument ignores the fact that the district court did not use the State Patrol's internal policies or the oath of office to prescribe a penalty. Instead, the court based its decision to affirm the revocation of Hauser's certificate on the statutory grounds set forth in § 81-1403(5). The court merely used the codes to determine whether the grounds described in § 81-1403(5) had been violated. The only agency rules used to prescribe a penalty were the Commission's rules for revocation of law enforcement certificates, and evidence was presented which showed that these rules had been established pursuant to the APA.

The duties of the Council and the Commission are currently set out in Neb. Rev. Stat. § 81-1401 et seq. (Reissue 1999 &

Cum. Supp. 2004). At all times relevant to this case, § 81-1403 provided:

Subject to review and approval by the commission, the council shall:

. . . .

(5) Revoke such certificates according to rules and regulations established by the council which shall include, but not be limited to, revocation for (a) incompetence, (b) neglect of duty, and (c) physical, mental, or emotional incapacity. Such rules and regulations shall include a procedure for hearing appeals of any person who feels that the revocation of his or her certificate was in error.

The district court found that the code of conduct, the code of ethics, and the oath of office were guidelines for evaluating and making determinations as to the duties and conduct expected of a State Patrol trooper and that they could be used in deciding whether a certificate should be revoked under § 81-1403(5).

Throughout 1998, Hauser engaged in numerous acts of domestic violence against his wife. On September 26, Hauser slapped his wife's face multiple times and grabbed her around the neck, causing her to fall to the floor. A call was made to the 911 emergency dispatch center because Hauser's wife was unresponsive. When law enforcement officers arrived following the call, Hauser denied having had any physical contact with his wife. This directly contradicted her testimony and the physical evidence. The court also found that Hauser had numerous opportunities during 1998 to extricate himself from this pattern of domestic violence.

The district court concluded that a certified law enforcement officer who violated the laws of the State of Nebraska by assaulting his wife and who then gave false information to police officers about that assault had violated § 81-1403(5) by neglecting his duties and conducting himself in a manner that demonstrated emotional incapacity to be a certified law enforcement officer.

In concluding that these codes and Hauser's oath of office were properly taken into consideration in determining whether Hauser neglected his duties, the district court relied upon *Scott v. State ex rel. Board of Nursing*, 196 Neb. 681, 244 N.W.2d 683

(1976), *overruled on other grounds, Langvardt v. Horton*, 254 Neb. 878, 581 N.W.2d 60 (1998).

The Board of Nursing of the State of Nebraska denied Hazel Scott's application for a professional nursing license. Neb. Rev. Stat. § 71-1,132.29 (Reissue 1971) provided in part that the board could deny a license upon proof that the applicant was guilty of "unprofessional conduct." Nebraska statutes did not define the term, but the board had adopted general standards as to what constituted unprofessional conduct.

We affirmed the denial of Scott's application and cited *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 436 P.2d 828 (1968). The Kansas Supreme Court had answered a similar contention by stating: " 'It would indeed be difficult, not to say impractical, in carrying out the purpose of the act, for the legislature to list each and every specific act or course of conduct which might constitute such unprofessional conduct of a disqualifying nature. . . .' " *Scott*, 196 Neb. at 690-91, 244 N.W.2d at 689.

In *In re Complaint Against Jones*, 255 Neb. 1, 581 N.W.2d 876 (1998), we examined the Nebraska Code of Judicial Conduct in regard to the conduct of a county judge. The penalty for violation of the code was set forth in Neb. Rev. Stat. § 24-722 (Reissue 1995), which provided: "A . . . judge of any court of this state may be reprimanded, disciplined . . . or removed from office for . . . (6) conduct prejudicial to the administration of justice that brings the judicial office into disrepute." The special master concluded that the judge's conduct had violated the code, and the Nebraska Commission on Judicial Qualifications recommended that the judge be removed from office.

The judge petitioned this court to modify or reject the commission's recommendation. Our inquiry was whether the charges were supported by clear and convincing evidence, which canons of the Code of Judicial Conduct had been violated, and which subsections of § 24-722 had been violated. We examined the actions of the judge in light of the Code of Judicial Conduct in order to determine whether such conduct violated § 24-722(6).

Both *Scott* and *In re Complaint Against Jones* support our conclusion that the Council, the Commission, and the district court did not err in relying upon the State Patrol's codes and oath of office to determine whether Hauser's conduct violated § 81-1403(5).

These codes were properly used as a guide to evaluate whether Hauser neglected his duties. Hauser's first assignment of error has no merit.

### SUFFICIENCY OF EVIDENCE

Hauser claims the district court erred in finding clear and convincing evidence to establish statutory grounds for revoking his law enforcement certificate. All but one of the incidents involving Hauser and his wife occurred at a time when he was not acting in his capacity as a state trooper.

A state trooper is not relieved of compliance with § 81-1403(5) simply because he or she is "off duty." A police officer on "off-duty" status is obligated to preserve the public peace and to protect the lives and property of the public in general. See *State v. Wilen*, 4 Neb. App. 132, 539 N.W.2d 650 (1995), citing 16A Eugene McQuillin et al., The Law of Municipal Corporations § 45.15 (3d ed. 1992). Police officers are considered to be under a duty to respond as police officers 24 hours a day. *State v. Wilen, supra.* It has been widely held, based both on common law and statute, that a police officer is not relieved of his or her obligation to preserve the peace while off duty. *Id.* A police officer is subject to rules that regulate his or her conduct on and off duty, whether in or out of uniform. *Id.* See, *In re Appeal of Bonnett*, 216 Neb. 587, 344 N.W.2d 657 (1984); *Richardson v. City of Omaha*, 214 Neb. 97, 333 N.W.2d 656 (1983). Hauser's conduct both on and off duty was properly considered in determining whether he had violated § 81-1403(5).

Hauser's former wife testified regarding numerous occasions when Hauser had physically and/or mentally abused her. After an argument on February 3, 1998, Hauser held her to the ground by sitting on top of her. When she refused to kiss him, he bit her cheek. Later that day, she went to the home of a police officer, who took photographs of her face and persuaded her to take legal action. The officer testified regarding the incident and to the authenticity of the photographs.

Following an argument, on June 10, 1998, Hauser restrained his spouse by sitting on her. He held her in this position for 35 to 40 minutes and then grabbed her face and mouth with such force

that an area from her chin to her nose was badly bruised. A coworker testified to seeing the bruising the next day at work.

On September 26, 1998, after an argument, Hauser slapped his wife's face repeatedly and grabbed her by the neck, which caused her to collapse. When Hauser's son arrived on the scene, Hauser stated that he thought he had killed her. A 911 call was made, but was later canceled. Two police officers arrived later in the evening, and Hauser told them that he and his wife had argued but that there was no physical contact.

At some point in October 1998, Hauser and his wife got into an argument while he was on duty in his patrol car. He became angry and grabbed one of her hands as if he was trying to break it. He also put his arm around her neck and squeezed it.

After an argument, on November 30, 1998, Hauser grabbed his wife and threw her off the bed. He then sat on top of her. After Hauser got up, she attempted to leave the room, at which time he grabbed her again and refused to let her go.

In December 1998, after another argument, Hauser refused to let his spouse leave the room. He spit in her face, pushed her up against a wall, and used his tongue to smear the spittle around her face. As she tried to leave the room, he slammed her into the doorframe. After she was allowed to leave, he caught up with her and grabbed her inappropriately.

Hauser argues that Neb. Rev. Stat. § 81-2005 (Reissue 1999) was the only statutory authority that set forth the duties of a state trooper. He claims his behavior did not constitute a neglect of any one of these duties or any duty promulgated under the APA. Hauser's reliance on § 81-2005 is misplaced. Section 81-2005 enumerates the powers but not necessarily all of the duties of a state trooper. As we have stated above, the State Patrol's internal policies and oath of office may be used to determine the duties of a trooper.

The State Patrol's code of ethics requires that a trooper "keep [his] private life unsullied as an example to all; maintain courageous calm in the face of danger, scorn or ridicule; develop self-restraint; and be constantly mindful of the welfare of others. [A trooper is to be] [h]onest in thought and deed in both [his] personal and official life." The canons of police ethics, which are incorporated into the State Patrol's code of ethics, state that

> [t]he primary responsibility of the police service, and of the individual officer, is the protection of the people of the United States through the upholding of their laws . . . .
>
> . . . .
>
> . . . Laxity of conduct or manner in private life, expressing either disrespect for the law or seeking to gain special privilege, cannot but reflect upon the police officer and the police service. The community and the service require that the law enforcement officer lead the life of a decent and honorable person.

The State Patrol's code of conduct prescribes that

> [e]mployees shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the Nebraska State Patrol. Conduct unbecoming shall include that which brings the State Patrol into disrepute or reflects discredit upon the employee as a member of the Nebraska State Patrol . . . .

The evidence of Hauser's abuse of his former spouse showed clearly and convincingly that he neglected his duties in violation of § 81-1403(5).

We do not reach the issue of whether Hauser's conduct established emotional incapacity. It is not necessary to prove both neglect of duty and emotional incapacity in order to revoke a law enforcement certificate. The evidence of Hauser's neglect of duty was enough to justify the revocation. One cannot continually engage in a pattern of assaultive behavior toward one's spouse and not be in violation of § 81-1403(5), which justifies the revocation of one's law enforcement certificate.

■ A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Lein v. Nesbitt, ante* p. 109, 690 N.W.2d 799 (2005). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Id.* Whether a decision conforms to the law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.* The district court's decision

affirming the revocation of Hauser's law enforcement certificate conformed to the law, was supported by competent evidence, and was not arbitrary, capricious, or unreasonable.

## DUE PROCESS AND RETROACTIVE APPLICATION

Hauser's final assignments of error concern the district court's failure to find a procedural due process violation stemming from the Attorney General's participation in the hearing process and the retroactive application of a change in the law.

Hauser claims that his due process rights were violated because the Attorney General acted as a hearing officer during the revocation proceedings. He argues that the Attorney General should have appointed a special assistant attorney general to represent Hauser and another special assistant to act as the hearing officer for the Council. He asserts that this approach would have allowed the Attorney General to fulfill his duty as a voting member of the Commission and preserve the impartiality of the revocation proceedings.

Hauser also claims that the rule requiring certification for employment with the State Patrol was improperly applied retroactively to him. He contends that prior to July 1, 2000, § 81-1401 et seq. (Reissue 1999) did not require a law enforcement certificate as a necessary prerequisite to performing law enforcement duties or maintaining a job as a law enforcement officer. Hauser claims that under the prior legislation, a law enforcement officer could have his certificate revoked but still hold and exercise the powers of his existing law enforcement position.

Pursuant to 2000 Neb. Laws, L.B. 994, § 2, which became effective July 13, 2000, "[a] law enforcement officer shall possess a valid law enforcement officer certificate or diploma, as established by the council, in order to be vested with the authority of this section . . . ." Hauser contends that the amendment was improperly applied because the complaint against him was first processed on September 8, 1999. He claims therefore that he has a constitutional right not to have his employment terminated by a statutory change which if applied retroactively would impair or interfere with his vested rights.

The issues of due process and the alleged improper application of L.B. 994 were not presented to the Council or the Commission. Hauser's petition for review by the district court alleged:

[T]he actions of the Defendant Council and Defendant Commission and each of them violated and prejudiced the substantial rights of the Plaintiff Hauser because such agency decision is:

(i) In violation of constitutional provisions;

(ii) In excess of the statutory authority or jurisdiction of the agency;

(iii) Made upon unlawful procedure;

(iv) Affected by other error of law;

(v) Unsupported by competent, material, and substantial evidence in view of the entire record as made on review;

(vi) Arbitrary or capricious; or

(vii) In violation of Neb. Rev. Stat. §84-1413 (Reissue 1999).

These general allegations did not establish that the issues in question were presented to and considered by the district court. Thus, the district court did not have the opportunity to analyze the issues or reach a decision regarding them. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Scurlocke v. Hansen*, 268 Neb. 548, 684 N.W.2d 565 (2004). Therefore, we decline to consider Hauser's final assignments of error.

## CONCLUSION

For the reasons set forth in this opinion, the judgment of the district court is affirmed.

AFFIRMED.