Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/11/2018 08:10 AM CST

- 660 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

Graylin Gray, appellant, v. Nebraska
Department of Correctional
Services, appellee.

___ N.W.2d ___

Filed December 4, 2018.    No. A-17-1319.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's
   grant of a motion to dismiss on the pleadings is reviewed de novo,
   accepting the allegations in the complaint as true and drawing all rea-
   sonable inferences in favor of the nonmoving party.
2. **Administrative Law.** The filing requirements of the Administrative
   Procedure Act apply to the Department of Correctional Services rules
   and regulations.
3. **Statutes.** Specific statutory provisions relating to a particular subject
   control over general statutory provisions.
4. **Administrative Law: Prisoners.** Neb. Rev. Stat. §§ 83-4,109 to
   83-4,123 (Reissue 2014 & Cum. Supp. 2016) constitute a special act
   relating to disciplinary procedures in adult correctional institutions
   and control over the more general provisions which are found in the
   Administrative Procedure Act.
5. **Actions: Moot Question.** An action becomes moot when the issues
   initially presented in the proceedings no longer exist or the parties lack
   a legally cognizable interest in the outcome of the action.
6. **Motions to Dismiss: Pleadings.** For purposes of a motion to dismiss,
   a trial court generally must ignore materials outside the pleadings, but
   it may consider some materials that are part of the public record or do
   not contradict the complaint, as well as materials that are necessarily
   embraced by the pleadings.
7. **Appeal and Error.** An alleged error must be both specifically assigned
   and specifically argued in the brief of the party asserting the error to be
   considered by an appellate court.

- 661 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

Appeal from the District Court for Lancaster County: Kevin R. McManaman, Judge. Affirmed.

Graylin Gray, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith, Solicitor General, for appellee.

Pirtle, Riedmann, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Graylin Gray appeals the order of the district court for Lancaster County which dismissed his declaratory judgment action. Finding no merit to the arguments raised on appeal, we affirm.

## BACKGROUND

Gray is an inmate with the Nebraska Department of Correctional Services (Department) housed at the Tecumseh State Correctional Institution. On August 3, 2017, he filed a complaint in the Lancaster County District Court seeking a declaratory judgment that the Department's administrative regulation No. 116.01 (AR 116.01) and No. 217.01 (AR 217.01) were invalid because they were not properly promulgated and filed with the Secretary of State in accordance with the provisions of the Administrative Procedure Act (APA).

Each of the regulations is several pages in length, but in the complaint, Gray specifically cites five subsections. AR 116.01 is entitled "Inmate Rights" and states that its purpose is to provide guidelines that will ensure the individuals who are committed to the Department are accorded and advised of basic rights. Within AR 116.01, Gray refers to those provisions regarding inmate access to mail services, which require that indigent inmates who exhaust their five free mailings per month are required to issue a check to cover postage costs

- 662 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

and that indigent inmates are required to cover their photocopy costs.

AR 217.01 is entitled "Inmate Rules and Discipline" and states that its purpose is to provide a written set of rules governing inmate conduct, establish penalties for violation of such rules, and establish disciplinary procedures. Gray cites to those sections in AR 217.01 that detail infractions committed by inmates and a corresponding loss of good time credit.

The Department filed a motion to dismiss the action, alleging that the complaint failed to state a claim upon which relief could be granted. Gray also filed several discovery motions and a motion seeking reimbursement from the Department for his photocopying and postage expenses, which he estimated totaled $2,500. In response to Gray's discovery motions, which included subpoenas for certain government officials, the Department filed a motion to quash subpoenas and a motion to stay discovery.

After holding a hearing on all of the pending motions, the district court found that the regulations challenged by Gray were not required to be promulgated pursuant to the APA because they fall within the internal document exception of Neb. Rev. Stat. § 84-901(2) (Cum. Supp. 2016). The court therefore granted the Department's motion to dismiss. The court also concluded that as a result of its decision to dismiss the action, the motions to stay discovery and quash subpoenas were moot, and it denied Gray's motion for reimbursement of costs. Gray appeals.

## ASSIGNMENTS OF ERROR

Gray assigns that the district court erred in (1) granting the Department's motion to dismiss, (2) finding that the motions to stay discovery and quash subpoenas were moot, and (3) denying his motion for reimbursement of photocopying and postage costs.

- 663 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018).

## ANALYSIS

*Motion to Dismiss.*

Gray argues that the district court erred in granting the Department's motion to dismiss because the court erroneously concluded that the regulations at issue did not come within the APA definition of rule or regulation. We find that the district court properly granted the motion to dismiss for the reasons set forth below.

Under the APA, each agency shall file in the office of the Secretary of State a certified copy of the rules and regulations in force and effect in such agency. Neb. Rev. Stat. § 84-902 (Cum. Supp. 2016). No rule or regulation of any agency shall be valid as against any person until 5 days after it has been filed. Neb. Rev. Stat. § 84-906 (Cum. Supp. 2016). Relevant to Gray's argument, the APA provides:

> (2) Rule or regulation shall mean any standard of general application adopted by an agency in accordance with the authority conferred by statute and includes, but is not limited to, the amendment or repeal of a rule or regulation. Rule or regulation shall not include (a) internal procedural documents which provide guidance to staff on agency organization and operations, lacking the force of law, and not relied upon to bind the public . . . . For purposes of the act, every standard which prescribes a penalty shall be presumed to have general applicability.

§ 84-901.

- 664 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

Although Gray identifies five particular subparts contained in AR 116.01 and AR 217.01, the action he sought in the district court was an order declaring both regulations invalid. We therefore do not limit our analysis to the particular subsections Gray identifies, but, rather, address each regulation in its entirety.

Gray argues that AR 116.01 governs basic rights of the inmates and therefore is a regulation within the meaning of § 84-901(2). He further claims AR 116.01 was adopted under the authority granted in Neb. Rev. Stat. § 83-4,111 (Reissue 2014), which authorizes the Department to adopt rules and regulations to establish criteria for determining which rights an inmate forfeits upon commitment and which rights an inmate retains. However, pursuant to § 84-901(2)(a), internal procedural documents which provide guidance to staff on agency organization and operations, lacking the force of law, and not relied upon to bind the public are excluded from the statutory definition of rule or regulation. Our review of AR 116.01 reveals that the regulation articulates the rights of inmates but does not curtail them. Rather, AR 116.01 specifically provides that its purpose is to "provide guidelines that will ensure the individuals who are committed to the [Department] are accorded and advised of basic rights." AR 116.01 then provides guidance to staff as an internal procedural document.

For example, the provisions of AR 116.01 to which Gray directs us require inmates to pay the cost of postage over five pieces of mail per month and the cost of photocopying. We find that no basic right is affected by these provisions and that they merely provide guidance to staff as an internal procedural document. Therefore, the district court was correct in determining that AR 116.01 was not a rule or regulation which was required to be filed.

Gray argues that AR 217.01 comes within the meaning of rule or regulation because it prescribes a penalty. He relies

- 665 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

upon *McAllister v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 910, 573 N.W.2d 143 (1998), where the Nebraska Supreme Court addressed whether a particular departmental regulation fit within the APA definition of rule or regulation. There, the plaintiff was a departmental employee whose employment had been terminated pursuant to a regulation regarding employee discipline. The plaintiff alleged that the regulation prescribed a penalty and was therefore a rule or regulation within the meaning of the APA. And because the regulation had not been filed with the Secretary of State, he claimed that it was invalid. The Supreme Court agreed.

We find that *McAllister* is distinguishable from the case at hand because *McAllister* did not involve disciplinary procedures of inmates. Admittedly, § 83-4,111 requires the Department to adopt certain rules and regulations. Specifically, § 83-4,111 requires:

> (1) The department shall adopt and promulgate rules and regulations to establish criteria for justifiably and reasonably determining which rights and privileges an inmate forfeits upon commitment and which rights and privileges an inmate retains.
>
> (2) Such rules and regulations shall include, but not be limited to, criteria concerning (a) disciplinary procedures and a code of offenses for which discipline may be imposed, (b) disciplinary segregation, (c) grievance procedures, (d) good-time credit, (e) mail and visiting privileges, and (f) rehabilitation opportunities.

[2] Neb. Rev. Stat. § 83-4,112 (Reissue 2014) further requires that "[c]opies of all rules and regulations shall be filed pursuant to the [APA] and shall be distributed to all adult correctional facilities in this state." Thus, the filing requirements of the APA apply to the Department's rules and regulations. However, the Department complied with these statutes as demonstrated by 68 Neb. Admin. Code, ch. 5 (2008), entitled "Code of Offenses," and ch. 6 (2017), entitled "Inmate

- 666 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

Disciplinary Procedures." Specifically, 68 Neb. Admin. Code, ch. 6, § 007 (2017), sets forth the rules and regulations for the establishment of disciplinary committees to hold hearings on inmate misconduct reports.

AR 217.01, on the other hand, provides the specific procedures that are to occur in the handling of misconduct reports, including hearings before the disciplinary committees. The authority of the director of the Department to establish such procedures is found in Neb. Rev. Stat. §§ 83-4,109 to 83-4,123 (Reissue 2014 & Cum. Supp. 2016). Section 83-4,109 provides specifically: "Disciplinary procedures in adult institutions administered by the Department . . . shall be governed by the provisions of sections 83-4,109 to 83-4,123."

[3,4] Addressing the interplay between the APA and §§ 83-4,109 to 83-4,123, the Supreme Court has stated that the general principle that specific statutory provisions relating to a particular subject control over general statutory provisions is applicable. See *Reed v. Parratt*, 207 Neb. 796, 301 N.W.2d 343 (1981). The Supreme Court determined that §§ 83-4,109 to 83-4,123 constitute a special act relating to disciplinary procedures in adult correctional institutions and control over the more general provisions which are found in the APA. *Reed v. Parratt, supra*.

As applicable to Gray's assertion that AR 217.01 was a regulation that required compliance with the APA, we note § 83-4,115, which states that the "director shall establish procedures to review the disciplinary actions of inmates. The director may establish one or more administrative review boards within the department to review disciplinary actions." This is exactly what is accomplished through AR 217.01. Because AR 217.01 establishes the internal procedures applicable to the review of disciplinary actions of inmates, the filing requirements of the APA are inapplicable and the district court correctly granted the Department's motion to dismiss.

- 667 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

*Discovery Motions.*

Gray also asserts that the district court erroneously concluded that the motions to stay discovery and quash subpoenas were moot. We disagree.

[5] An action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action. *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018). A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights—i.e., a case in which the issues presented are no longer alive. *Id*. Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation. *Id*.

[6] Because a motion pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013). For purposes of a motion to dismiss, a trial court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Id*. These documents embraced by the complaint are not considered matters outside the pleading. *Id*.

Here, after considering the complaint and the language of AR 116.01 and AR 217.01, the district court granted the motion to dismiss, a decision we have concluded was not in error. Because the court could not consider matters outside of the pleadings, the completion of any discovery regarding the merits of the complaint would not change the outcome. And once the court dismissed the case, any issues that would have been addressed during discovery ceased to exist. Accordingly, the district court did not err in finding that the motions

- 668 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 26 Neb. App. 660

related to discovery were moot once it granted the motion to dismiss.

*Motion for Reimbursement of Costs.*

[7] Gray assigns as error the court's denial of his motion for reimbursement of photocopying and postage costs. The alleged error is not argued in his brief, however. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 868 N.W.2d 334 (2015). Accordingly, we do not address this issue.

## CONCLUSION

We find no merit to the arguments raised on appeal and therefore affirm the decision of the district court.

Affirmed.