DMK Biodiesel, LLC, a Nebraska limited liability
company, and Lanoha RVBF, LLC, a Nebraska
limited liability company, appellants, v.
John McCoy et al., appellees.
___ N.W.2d ___

Filed May 24, 2013.    No. S-12-699.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
4. **Motions to Dismiss: Rules of the Supreme Court: Pleadings.** Because a motion pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss.
5. **Rules of the Supreme Court: Pleadings.** Dismissal under Neb. Ct. R. Pldg. § 6-112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.
6. **Motions to Dismiss: Rules of the Supreme Court: Summary Judgment: Pleadings.** Neb. Ct. R. Pldg. § 6-1112(b) provides that when matters outside the pleading are presented by the parties and accepted by the trial court with respect to a motion to dismiss under § 6-1112(b)(6), the motion shall be treated as a motion for summary judgment as provided in Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 2008) and the parties shall be given reasonable opportunity to present all material made pertinent to such a motion by statute.
7. **Judicial Notice: Motions to Dismiss: Rules of the Supreme Court: Summary Judgment: Pleadings.** A court may take judicial notice of matters of public record without converting a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6) into a motion for summary judgment.
8. **Rules of the Supreme Court: Pleadings: Appeal and Error.** Because Nebraska's current notice pleading rules are modeled after the Federal Rules of Civil Procedure, appellate courts look to federal decisions for guidance.
9. **Motions to Dismiss: Pleadings.** For purposes of a motion to dismiss, a trial court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.
10. **Complaints: Pleadings.** Documents embraced by the complaint are not considered matters outside the pleading.

11. ____: ____. Documents embraced by the pleadings are materials alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.

12. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

13. **Trial: Appeal and Error.** An issue not presented to or decided on by the trial court is not an appropriate issue for consideration on appeal.

Appeal from the District Court for Buffalo County: John P. Icenogle, Judge. Reversed and remanded with directions.

David A. Domina and Brandon B. Hanson, of Domina Law Group, P.C., L.L.O., for appellants.

Daniel L. Lindstrom and Justin R. Herrmann, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellees John McCoy et al.

Steve Grasz and Andrew Weeks, of Husch Blackwell, L.L.P., for appellee Renewable Fuels Technology, LLC.

Heavican, C.J., Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## NATURE OF CASE

DMK Biodiesel, LLC (DMK), and Lanoha RVBF, LLC (Lanoha), filed suit against Renewable Fuels Technology, LLC (Renewable Fuels), John McCoy, John Hanson, Phil High, and Jason Anderson in the Buffalo County District Court alleging fraudulent inducement. Renewable Fuels and the individual defendants filed a motion to dismiss for failure to state a claim and a motion to take judicial notice of the private placement memorandum and the subscription agreements. Both motions were granted, and DMK and Lanoha now appeal. Because the private placement memorandum and the subscription agreements are properly considered "matters outside the pleading," an evidentiary hearing was required. Accordingly, we reverse the judgment of the district court and remand the cause with directions.

## BACKGROUND

Republican Valley Biofuels, LLC (RVBF), issued a confidential private placement memorandum with an effective date of May 7, 2007, seeking investors in a biodiesel production facility. DMK and Lanoha invested $600,000 and $400,000 respectively in RVBF, which was being promoted by McCoy, Hanson, High, and Anderson. Renewable Fuels is listed with the Nebraska Secretary of State as the manager of RVBF.

On August 17 and August 28, 2007, DMK and Lanoha, respectively, entered into and executed separate subscription agreements with RVBF. Paragraph 1 of the subscription agreements states, "Subscriber understands that the offering of limited liability company units . . . of the Company to which this Subscription Agreement relates is being made only pursuant to the Company's Confidential Private Placement Memorandum dated May 7, 2007, including the exhibits attached and any supplements thereto . . . ." It further states in paragraph 4.c. that "[s]ubscriber has relied solely upon the information furnished in the Memorandum and Subscriber has not relied on any oral or written representation or statement, except as contained in the Memorandum, in making this investment." The private placement memorandum itself states that "[n]o person has been authorized to make any representation or warranty, or give any information, with respect to RVBF or the units offered hereby except for the information contained herein."

On January 5, 2009, DMK and Lanoha filed a complaint against Renewable Fuels, McCoy, Hanson, High, and Anderson in Buffalo County District Court alleging that each defendant fraudulently induced them to invest funds in RVBF. The original complaint had three claims: (1) violations of the Securities Act of Nebraska, see Neb. Rev. Stat. § 8-1101 et seq. (Reissue 2012), due to alleged misrepresentations and omissions by the defendants; (2) violations of fiduciary duties; and (3) for an accounting at law.

Renewable Fuels promptly filed a motion to dismiss and a motion to take judicial notice. Shortly thereafter, the individual defendants filed similar motions. The motion to take judicial

notice requested the district court to take judicial notice of the confidential private placement memorandum for RVBF and the subscription agreements executed between RVBF and DMK and Lanoha, respectively. All three documents were attached as exhibits to the motion to dismiss.

In response, DMK and Lanoha filed a motion to continue hearing on the defendants' Neb. Ct. R. Pldg. § 6-1112 (rule 12) motions to allow discovery. The motion stated, first, that "[j]udicial notice is not permitted by *Neb Rev Stat* § 27-201 et seq." Second, the motion primarily argued that taking judicial notice would convert the rule 12 motion into a summary judgment motion.[1] DMK and Lanoha argued that if the motion converted, then they were entitled to conduct discovery pursuant to Neb. Rev. Stat. § 25-1335 (Reissue 2008).[2]

The district court granted the motion to dismiss and the motion to take judicial notice. The court noted that the private placement memorandum and the subscription agreements were "an intricate part of the pleadings whether they are set forth by [DMK and Lanoha] or not." The district court thereafter received the exhibits and considered the exhibits for purposes of the motion to dismiss. On the motion to dismiss, the district court found "as a matter of law that [DMK and Lanoha] are not allowed to proceed with their causes of action for fraud, deception and misrepresentation arising from events occurring prior to the execution of the subscription agreements." The court sustained the motion to dismiss, but allowed DMK and Lanoha to file an amended complaint based on actions of RVBF and the individual defendants after the entry of the subscription agreement that violated the subscription agreement, private placement memorandum, or the fiduciary obligations created by those documents.

DMK and Lanoha filed an amended complaint that asserted postsale fiduciary duties were owed and breached, while also seeking derivative relief. Litigation continued on the derivative claims until 2012, when the district court dismissed the

---

[1] See *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 727 N.W.2d 447 (2007).

[2] See *id*.

amended complaint at the request of all parties. DMK and Lanoha now appeal the September 29, 2009, dismissal of the direct claims.

## ASSIGNMENTS OF ERROR

DMK and Lanoha allege, restated and summarized, that the district court erred by taking judicial notice, entering judgment without a proper summary judgment hearing, and dismissing the claims, because the dismissal resulted in the defendants' benefiting from the illegal sale of securities under § 8-1118(5) of the Securities Act of Nebraska.

## STANDARD OF REVIEW

[1,2] A district court's grant of a motion to dismiss is reviewed de novo.[3] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[4]

[3] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[5]

## ANALYSIS

### CONVERSION OF MOTION TO DISMISS

DMK and Lanoha's main argument, found both in their motion to continue hearing on the defendants' rule 12 motions to allow discovery and in their brief, is that by taking judicial notice of the private placement memorandum and the subscription agreements, the motion to dismiss transformed into a motion for summary judgment, which required the district court to hold a hearing. We agree.

[4-6] Because a rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint

---

[3] *Walentine, O'Toole v. Midwest Neurosurgery, ante* p. 80, 825 N.W.2d 425 (2013).

[4] *Id.*

[5] *State v. Ramirez, ante* p. 203, 825 N.W.2d 801 (2013).

to decide a motion to dismiss.[6] Dismissal under rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.[7] However, rule 12(b) provides that when matters outside the pleading are presented by the parties and accepted by the trial court with respect to a motion to dismiss under rule 12(b)(6), the motion "shall be treated" as a motion for summary judgment as provided in Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 2008) and the parties shall be given reasonable opportunity to present all material made pertinent to such a motion by statute.[8]

As a threshold matter, we must determine whether the district court's decision to judicially notice the private placement memorandum and the subscription agreements transformed the motion to dismiss into a motion for summary judgment. Specifically, we must determine whether these documents are considered to be "matters outside the pleading."

[7,8] We have previously held that a court may take judicial notice of matters of public record without converting a rule 12(b)(6) motion to dismiss into a motion for summary judgment.[9] We have not addressed, however, whether underlying written agreements can be judicially noticed without converting the motion. Because Nebraska's current notice pleading rules are modeled after the Federal Rules of Civil Procedure, we look to federal decisions for guidance.[10]

The Eighth Circuit has held that rule 12(b) is not permissive, because it mandates that "'[t]he motion *shall* be treated as one for summary judgment . . . .'"[11] According to the Eighth Circuit,

---

[6] *Doe v. Omaha Pub. Sch. Dist., supra* note 1.

[7] *Id.*

[8] *Id.*

[9] *Id.*; *In re Adoption of Kenten H.*, 272 Neb. 846, 725 N.W.2d 548 (2007); *Ferer v. Erickson, Sederstrom*, 272 Neb. 113, 718 N.W.2d 501 (2006).

[10] *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005).

[11] *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) (emphasis in original).

"'[m]ost courts . . . view "matters outside the pleading" as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'"[12] This interpretation of the rule by the Eighth Circuit is "'appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint.'"[13]

[9-11] For purposes of a motion to dismiss, "'the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'"[14] These documents embraced by the complaint are not considered matters outside the pleading.[15] Documents embraced by the pleadings are materials "'alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'"[16] The majority of circuits appear to agree that the document must be referred to in the complaint and must be central to the plaintiff's claim.[17] A prime example of

---

[12] *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (1969)).

[13] *BJC Health System v. Columbia Cas. Co., supra* note 11, 348 F.3d at 687-88.

[14] *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

[15] *Enervations, Inc. v. Minnesota Mining*, 380 F.3d 1066 (8th Cir. 2004).

[16] *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

[17] See, *Romani v. Shearson Lehman Hutton*, 929 F.2d 875 (1st Cir. 1991) (superseded by statute on other grounds as stated in *Greebel v. FTP Software, Inc.*, 194 F.3d 185 (1st Cir. 1999)); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991); *Pension Ben. Guar. Corp. v. White Consol. Ind.*, 998 F.2d 1192 (3d Cir. 1993); *New Beckley Min. v. International Union, UMWA*, 18 F.3d 1161 (4th Cir. 1994); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86 (6th Cir. 1997); *Venture Associates v. Zenith Data Systems*, 987 F.2d 429 (7th Cir. 1993); *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997); *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997).

documents "'necessarily embraced'" by a pleading is a writ-
ten contract in a case that involves a dispute over the terms of
the contract.[18]

RVBF and the individual defendants argue that the private
placement memorandum and the subscription agreements are
integral to and embraced by the complaint. Specifically, they
contend that when a securities offering is made pursuant to
written memorandum, a plaintiff investor "is not permitted
to assert a securities action without reference to the offer-
ing memorandum."[19]

In support of their argument, RVBF and the individual
defendants cite the Second Circuit's decision in *Cortec
Industries, Inc. v. Sum Holding L.P.*[20] In *Cortec Industries,
Inc.*, Cortec Acquisitions, Inc., entered into a stock purchase
agreement with the defendants. The stock purchase agreement
contained certain representations and warranties, as well as cer-
tain conditions precedent to the purchase. Cortec Acquisitions
brought a complaint alleging repeated fraudulent or negligent
misrepresentations and omissions. All of the defendants moved
for a motion to dismiss the complaint for failure to state a
claim, and the motions were granted. Attached to the motions
were paper copies of the warrant, the offering memorandum,
and the stock purchase agreement.

The sole issue decided by the Second Circuit was whether
the warrant, the offering memorandum, and the stock pur-
chase agreement could be considered when ruling on the
motion to dismiss the complaint for failure to state a claim.
The Second Circuit held that the district court could rely
on the documents without converting the motion to dismiss
into a motion for summary judgment. In support, the Second
Circuit stated that

> when a plaintiff chooses not to attach to the complaint
> or incorporate by reference *a prospectus upon which it
> solely relies and which is integral to the complaint*, the

---

[18] See *Young v. Principal Financial Group, Inc.*, 547 F. Supp. 2d 965, 974
(S.D. Iowa 2008).

[19] Brief for appellees McCoy et al. at 29.

[20] *Cortec Industries, Inc. v. Sum Holding L.P., supra* note 17.

defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.[21]

The Second Circuit concluded:

Despite the fact that the documents attached to [a defendant's] motion to dismiss were neither public disclosure documents required by law to be filed with the SEC, nor documents actually filed with the SEC, nor attached as exhibits to the complaint or incorporated by reference in it, the district court was entitled to consider them in deciding the motion to dismiss. *The stock purchase agreement,* [*the*] *offering memorandum, and the warrant were documents* plaintiffs had either in its possession or had knowledge of and *upon which they relied in bringing suit.*[22]

The Second Circuit acknowledged that "in drafting their complaint plaintiffs relied upon documents transmitted to them by defendants, though they neglected to attach these papers to, or incorporate them by reference in, the complaint."[23]

In contrast, in *BJC Health System v. Columbia Cas. Co.,*[24] the Eighth Circuit addressed whether underlying contractual documents were considered matters outside the pleading. Columbia Casualty Company (Columbia) provided reinsurance to a subsidiary of BJC Health System (BJC) and executed contracts for 2 years. BJC filed a complaint alleging that Columbia was obligated to fix the premium for a third year because of a separate premium-guarantee contract. BJC alleged that Columbia breached the premium-guarantee contract. Columbia moved to dismiss for failure to state a claim. Attached to the motion to dismiss by Columbia were three documents, two of which were the reinsurance documents and a third which was a reinsurance quotation letter from Columbia. The district court

---

[21] *Id.* at 47 (emphasis supplied).

[22] *Id.* at 48 (emphasis supplied).

[23] *Id.* at 44.

[24] *BJC Health System v. Columbia Cas. Co., supra* note 11.

accepted the documents and used them to dismiss BJC's claim. BJC appealed.

The Eighth Circuit concluded that the three documents provided by Columbia with the motion to dismiss constituted matters outside the pleading.[25] The Eighth Circuit found that although BJC had alleged the existence of a contract, it did not allege a specific document and the documents provided by Columbia were neither undisputed nor the sole basis of the complaint.[26] The court noted that the documents were provided in opposition to the complaint and that the purpose of the documents was to discredit and contradict BJC's allegations.[27] Therefore, the court concluded the documents were not embraced by the complaint and constituted matters outside the pleading.[28]

Here, our independent review of the complaint reveals that DMK and Lanoha did not rely on the private placement memorandum and the subscription agreements in drafting the complaint. In fact, the complaint never mentions either the private placement memorandum or the subscription agreements. Nor does the complaint rely on the rights or obligations outlined by the documents. This is not the paradigmatic case of a party's seeking to enforce a contract and not attaching the contract to the complaint. *Cortec Industries, Inc.* is unhelpful in our analysis, because that was a case in which "[p]laintiffs sought damages and rescission of a stock purchase agreement allegedly entered into in violation of the securities laws, civil RICO, and the common law."[29]

Here, the fraud and misrepresentations relied upon by DMK and Lanoha were oral statements made before the execution of the subscription agreements. The complaint does not allege that the documents themselves were fraudulently or negligently misrepresented.

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Cortec Industries, Inc. v. Sum Holding L.P., supra* note 17, 949 F.2d at 44.

RVBF and the individual defendants argue that we should not allow plaintiffs to artfully draft a complaint so as to avoid referencing a document on which the lawsuit hinges. In this instance, the plaintiffs may have purposefully avoided referencing the private placement memorandum and the subscription agreements. However, their choice not to reference the documents and, more important, their choice to not embrace the documents were not improper. Even if DMK and Lanoha had chosen to reference the private placement memorandum and the subscription agreements in the complaint, it would not have changed the outcome of this case. Mere reference, without more, to the private placement memorandum and the subscription agreements would not be enough to establish that the complaint embraces those documents.

Because both the private placement memorandum and the subscription agreements are not clearly embraced by DMK and Lanoha's complaint, when the district court accepted and took into consideration the private placement memorandum and the subscription agreements, the court took into consideration matters outside the pleading. This transformed the motion to dismiss into a motion for summary judgment. Pursuant to § 25-1332, DMK and Lanoha were entitled to a summary judgment hearing and no hearing was held.[30] This error requires reversal.

### Remaining Assignments of Error

[12] DMK and Lanoha also argue in their brief that the private placement memorandum and the subscription agreements were not properly the subject of judicial notice. But, whether taking judicial notice was proper is not necessary to our adjudication. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[31]

[13] Finally, DMK and Lanoha argue that the Securities Act of Nebraska prevents a securities seller who engages in fraud

---

[30] See *Doe v. Omaha Pub. Sch. Dist., supra* note 1.

[31] *In re Trust Created by Hansen*, 281 Neb. 693, 798 N.W.2d 398 (2011).

from using a written contract to effectuate the fraud committed. In other words, DMK and Lanoha contend that the substantive law protects securities purchasers from sellers by refusing to enforce exculpatory clauses in prospectuses, private placement memorandums, or subscription agreements. This issue was not addressed by the district court. An issue not presented to or decided on by the trial court is not an appropriate issue for consideration on appeal.[32] Furthermore, determining this issue is not necessary to our adjudication.

## CONCLUSION

The district erred by granting the motion to dismiss. When the district court took judicial notice of the private placement memorandum and the subscription agreements, the motion to dismiss transformed into a motion for summary judgment, which requires an evidentiary hearing. No such hearing was held.

REVERSED AND REMANDED WITH DIRECTIONS.

McCORMACK, J., participating on briefs.

WRIGHT, J., not participating.

---

[32] *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012).

---

KIMBERLY L. HYNES, APPELLEE, v. GOOD
SAMARITAN HOSPITAL, A NEBRASKA
NONPROFIT CORPORATION, APPELLANT.

___ N.W.2d ___

Filed May 24, 2013.    No. S-12-810.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate