IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

O'BRIEN V. O'BRIEN-HYTREK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CHRISTOPHER P. O'BRIEN, APPELLANT,
V.
TRACI A. O'BRIEN-HYTREK, APPELLEE.

Filed January 13, 2015.    No. A-13-984.

Appeal from the District Court for Sarpy County: DAVID K. ARTERBURN, Judge. Affirmed as modified.

Justin A. Quinn and Casey J. Quinn for appellant.

James A. Adams, of Law Offices of James A. Adams, P.C., L.L.O., for appellee.

IRWIN, INBODY, and PIRTLE, Judges.

PIRTLE, Judge.

Christopher P. O'Brien (Christopher) appeals from the order entered by the district court for Sarpy County, dismissing his complaint with prejudice, which had alleged that his former wife, Traci A. O'Brien-Hytrek (Traci), owed him a portion of settlement proceeds acquired from a wrongful foreclosure action following their divorce. He alleged causes of action for fraud, conversion, and bailment. For the reasons that follow, we affirm the dismissal, but modify the order to dismiss the complaint without prejudice.

## BACKGROUND

Christopher filed a complaint on July 1, 2013, alleging three causes of action against his former wife for bailment, fraud, and conversion of the settlement funds. His complaint also alleged the following facts: Traci was awarded the marital home in the decree of dissolution, and subsequently, the home was foreclosed upon. After the foreclosure, Traci filed a complaint against the bank for wrongdoing during the foreclosure, in her name as well as Christopher's. Traci reached a settlement for an amount in excess of $30,000, and the check was addressed to

both Christopher and Traci. Christopher endorsed the check, and it was deposited into Traci's account. Christopher did not receive any portion of the settlement funds.

Christopher's cause of action for bailment alleged:

1. That when [Traci] deposited the sum of the settlement into her personal bank account a legal bailment was created with the implied terms that [Traci] would deliver that portion of the settlement that was the property of [Christopher] to him in a timely fashion.

2. That despite demand being made, [Traci] has failed to deliver to [Christopher] that portion of the foreclosure settlement that is legal[ly] his property.

3. That an Order should be entered requiring [Traci] to deliver to [Christopher] one-half of the foreclosure settlement proceeds that is currently being held in [Traci's] accounts.

Christopher's cause of action for conversion alleged:

1. That [Traci] has deprived [Christopher] of his property to such a degree that there is no reasonable likelihood that he will receive his property.

2. That [Traci] should be ordered to contribute to [Christopher] the one-half of the foreclosure settlement funds that are rightfully [Christopher's].

Christopher's cause of action for fraud alleged:

1. [Traci] through commission and omission has fraudulently induced [Christopher] to deposit in excess of fifteen-thousand dollars ($15,000.00) due and owing to him into her own private account.

2. That since [Traci] induced [Christopher] to allow the deposit of such sums, [Traci] has been unwilling to disgorge such fund[s].

3. That [Traci's] Fraud upon [Christopher] has deprived him of the one-half settlement of the foreclosure due and owing to him.

Traci denied each of the material allegations in the complaint, and on August 22, 2013, she filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). She asserted that Christopher failed to state a claim upon which relief could be granted.

A hearing was held by the district court on Traci's motion to dismiss on August 26, 2013. The court took judicial notice of the decree of dissolution of the parties' marriage. The decree was not included in the record before this court but the relevant portion of the decree was reproduced in Christopher's complaint and is not disputed. It stated in relevant part:

Plaintiff [Christopher] [sic] shall assume and pay the mortgage(s) on the marital residence and shall either sell or refinance the mortgage into **her** own name within the next five (5) years for the residence located at 1302 Santa Fe Circle, Sarpy County, Papillion, Nebraska.

The trial court found Traci failed to comply with the terms of the decree, specifically to "either sell or refinance the mortgage into **her** own name." However, the court found Christopher did not retain an interest in the marital property; therefore, the action Christopher filed was "not the appropriate remedy to take to enforce the terms of the Decree." The court dismissed the matter with prejudice. Christopher timely appealed.

ASSIGNMENTS OF ERROR

Christopher asserts the district court erred in dismissing his complaint for failure to state a claim upon which relief could be granted and in dismissing the matter with prejudice.

STANDARD OF REVIEW

A district court's grant of a motion to dismiss is reviewed de novo. *Bruno v. Metropolitan Utilities Dist.*, 287 Neb. 551, 844 N.W.2d 50 (2014).

When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id.*

ANALYSIS

*Dismissal of Christopher's Complaint.*

Christopher asserts the trial court erred in granting Traci's motion to dismiss for failure to state a claim upon which relief could be granted. Christopher's complaint alleged theories of recovery including fraud, conversion, and bailment.

To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Bruno v. Metropolitan Utilities Dist., supra*. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id.*

With regard to his claim for conversion, Christopher alleged Traci deprived him of his property to such a degree that there was no reasonable likelihood he would receive the property and that Traci should be ordered to pay Christopher one-half of the foreclosure settlement.

Conversion is any unauthorized or wrongful act of dominion exerted over another's property which deprives the owner of his property permanently or for an indefinite period of time. *Peterson v. Homesite Indemnity Co.*, 287 Neb. 48, 840 N.W.2d 885 (2013).

Christopher also alleged Traci "fraudulently induced [him] to deposit in excess of fifteen-thousand dollars ($15,000.00) due and owing to him into her own private account." He further asserted Traci induced him to allow the deposit of the funds, and she was unwilling to pay him one-half of the settlement proceeds.

The elements of fraud are

"(1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that he or she suffered damage as a result."

*Fast Ball Sports v. Metropolitan Entertainment*, 21 Neb. App. 1, 10, 835 N.W.2d 782, 791 (2013).

Assuming without deciding that Christopher had some interest in the check, or he was entitled to some share of the settlement proceeds because he was a named payee on the check,

we find he failed to allege facts sufficient to show an unauthorized or wrongful act by Traci. Because he did not allege sufficient facts to state a claim upon which relief could be granted for conversion or fraud, we find the district court did not err in dismissing the complaint as to these two causes of action.

Christopher's complaint also alleged a cause of action for bailment. "Bailment" is the delivery of personal property for some particular purpose or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it or otherwise dealt with according to that person's directions or kept until reclaimed, as the case may be. *Peterson v. Homesite Indemnity Co., supra*. "Bailment" involves the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished. *Id.*

Christopher alleged that when Traci deposited the settlement check into her personal bank account, a legal bailment was created with the implied terms that she would deliver a portion of the settlement to Christopher in a timely fashion. He alleged that Traci failed to deliver the funds and that she should be required to do so.

Christopher's complaint did not allege any facts showing there was any express or implied agreement between the parties that the settlement funds should or would be split between the parties. He allowed her to deposit the funds into her own account and did not allege that there was any agreement or representation that Traci would pay him a portion of the funds after they were deposited. We find he has not alleged sufficient facts to state a claim for bailment.

We conclude the trial court did not err in dismissing Christopher's complaint, because he failed to state a claim upon which relief could be granted.

*Dismissal With Prejudice.*

Christopher also asserts the trial court erred in dismissing his complaint with prejudice.

As a general rule, a dismissal with prejudice is an adjudication on the merits. *In re Guardianship of David G.*, 18 Neb. App. 918, 798 N.W.2d 131 (2011). A motion to dismiss under § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits. *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013). Dismissal under § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *DMK Biodiesel v. McCoy, supra*.

We found, above, that the trial court did not err in dismissing Christopher's complaint, because upon our review we find Christopher did not allege sufficient facts to state a claim upon which relief could be granted on any of the three alleged causes of action. However, Traci's motion to dismiss quoted the language of § 6-1112(b)(6), and in dismissing the matter with prejudice, the court's ruling had the effect of an adjudication on the merits of Christopher's claims. We find the court erred in reaching the merits of the complaint, rather than reviewing the legal sufficiency of the pleading. Thus, we find that the trial court erred in dismissing the action *with prejudice* and that Christopher is entitled to an opportunity to file an amended complaint alleging facts which may give rise to a cause of action on one or more of his claims.

## CONCLUSION

For the reasons discussed above, the judgment of the district court dismissing Christopher's complaint is affirmed, but we modify the dismissal to be without prejudice.

AFFIRMED AS MODIFIED.