IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

GRAY V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

GRAYLIN GRAY, APPELLANT,

V.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES ET AL., APPELLEES.

Filed April 9, 2019.    No. A-18-073.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Graylin Gray, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith, Solicitor General, for appellees.

PIRTLE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Graylin Gray appeals the decision of the Lancaster County District Court dismissing his petition for declaratory relief on the basis that the claims had become moot. Having determined that the assigned errors raised by Gray on appeal lack merit, we affirm.

### STATEMENT OF FACTS

Graylin Gray is an inmate with the Nebraska Department of Correctional Services Institution (NDCS). On June 13, 2017, he filed a petition for declaratory relief claiming that NDCS Administrative Regulation No. 116.04 (AR 116.04) and policy directive 017-020 are unconstitutional and invalid because (1) the attendant forfeiture of good time increases the quantum of punishment for Gray's original crimes beyond the measure of punishment

- 1 -

legally stated at the time they were committed; and (2) [they were] not promulgated, signed by the Governor, and filed with the Secretary of State in accordance with the provisions of the Administrative Procedure Act.

The provision within AR 116.04 of which Gray complains is found within the section on Procedure, subsection IV. It provides:

Identified inmates refusing to provide a DNA sample will not be promoted to minimum "B" or community custody. If an identified inmate (I, II, III, pages 2 and 3) are [sic] refusing to provide a DNA sample and is approaching his or her discharge date, a final opportunity will be given approximately seven days before the scheduled discharge date to provide a sample. If an inmate who is required to provide a DNA sample prior to his or her release from incarceration does not do so, all good time will be withheld and the inmate's sentence will be recalculated to the maximum prison term. The action to withhold all good time will be accomplished by a unit classification committee convened for that purpose with proper (48 hour) notification to the inmate. The Warden shall approve this classification action. The inmate shall then remain in the custody of NDCS until completion of his/her maximum prison term (with no credit for good time) or until such time as he/she provides a DNA sample.

In response to Gray's complaint, NDCS filed a motion to dismiss arguing that Gray's claims became moot subsequent to the filing of his complaint. At the hearing on its motion, NDCS admitted into evidence policy directive 017-029, dated July 27, 2017, which provided in pertinent part:

Effective immediately, the changes made to AR 116.04, DNA Collection, by policy directive 017-020 issued on May 12, 2017 are rescinded. The changes made by policy directive 017-020 will not be incorporated into AR 116.04 during the next scheduled review.

In addition the following change to AR 116.04 is effective immediately:

On page 4-5, delete paragraph 4 of the procedure section.

This language is then followed by a full recitation of the original language in subsection IV as stated above with a line through all of the language demonstrating its deletion from AR 116.04.

NDCS also introduced into evidence an affidavit from Scott Frakes, Director of NDCS, noting that he rescinded policy directive 017-020 issued May 12, 2017, and issued policy directive 017-029 which deleted subsection IV of the procedure section of AR 116.04.

After reviewing the evidence, the district court dismissed Gray's petition for declaratory judgment stating that the changes made to AR 116.04 removed the risk of Gray or any other inmate being disciplined for refusing to submit to a DNA test thereby rendering Gray's claim moot.

ASSIGNMENT OF ERROR

On appeal, Gray assigns as error that the "district court erred and abused its discretion by granting [NDCS'] Motion to Dismiss." Brief for appellant at 3. In his argument, Gray cites to Neb.

Rev. Stat. § 84-906(1) (Cum. Supp. 2016); *Shepard v. Houston*, 289 Neb. 399, 855 N.W.2d 559 (2014); *Davio v. Nebraska Dept. of Health & Human Servs.*, 280 Neb. 263, 786 N.W.2d 655 (2010); *McAllister v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 910, 573 N.W.2d 143 (1998). After discussing § 84-906(1) and these cases, Gray reiterates the original language in his petition by arguing:

> It is [Gray's] position that . . . Nebraska Department of Correctional Servs. regulation and policy directive entitled DNA Collection (formerly DNA Detection of Sexual and Violent Offensers), A.R. 116.04 and Policy Directive: 017-020 are unconstitutional and invalid because (1) the attendant forfeiture of good time increases the quantum of punishment of Gray's original crimes beyond the measure of punishment legally stated at the time they were committed; and (2) they were not promulgated, signed by the Governor, and filed with the Secretary of State in accordance with the provision of the Administrative Procedure Act. . . . Thus, the district court erred and abused its discretion by granting [NDCS'] Motion to Dismiss.

Brief for appellant at 8-9.

STANDARD OF REVIEW

Here, because the parties submitted evidence on Frakes' motion to dismiss, we clarify our standard of review. Because a motion pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. *DMK Biodiesel v. McCoy,* 285 Neb. 974, 830 N.W.2d 490 (2013). But, when matters outside the pleading are presented by the parties and accepted by the trial court with respect to a motion to dismiss under § 6-1112(b)(6), the motion "shall be treated" as a motion for summary judgment and the parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by statute. See *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015).

When receiving evidence that converts a motion to dismiss into a motion for summary judgment, the trial court should give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion. *Nebraska Coalition for Ed. Equity v. Heineman*, 273 Neb. 531, 731 N.W.2d 164 (2007). However,

> "'[a] district court's failure to give formal notice that it will treat a motion to dismiss for failure to state a claim as a motion for summary judgment is harmless where the nonmoving party has submitted materials outside of the pleadings in support of its resistance to a motion to dismiss . . . .'"

*Id*. at 539, 731 N.W.2d at 172 quoting *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 949 (8th Cir. 1999). Error without prejudice provides no ground for relief on appeal. *Brothers v. Kimball Cty. Hosp., supra*.

In this case, Frakes' motion to dismiss specifically set forth that the issue being raised was that Gray's complaint was moot. Although the district court never specifically advised the parties that Frakes' motion to dismiss was being converted into a motion for summary judgment, both

Frakes and Gray were given the opportunity to, and did present evidence, at the hearing on the motion to dismiss. As a result, no prejudice occurred from the district court's failure to inform the parties that it was converting Frakes' motion to dismiss into a motion for summary judgment. Therefore, we review the district court's order as converting Frakes' motion to dismiss into a motion for summary judgment.

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Colwell v. Mullen*, 301 Neb. 408, 918 N.W.2d 858 (2018). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id*.

ANALYSIS

Gray's original petition for declaratory judgment is based upon his concern that, pursuant to AR 116.04 and policy directive 017-020, he will forfeit good time credit and his period of incarceration will be extended for his refusal to provide a DNA sample. His theory is tied to the Nebraska Supreme Court's holding in *Shepard v. Houston*, 289 Neb. 399, 855 N.W.2d 559 (2014).

In *Shepard*, George Shepard was originally sentenced on July 11, 1990, to a combined term of 50 years' imprisonment. Under the good time laws in effect at the time of his offenses, Shepard's projected mandatory discharge date was May 4, 2015. In 1997, the Legislature enacted the DNA Detection of Sexual and Violent Offender's Act, now known as the DNA Identification Information Act (Act), for collection of DNA samples from any person convicted of a felony sex offense or other specified offense in order to place such sample in a State DNS Sample Bank. Since 1997, Neb. Rev. Stat. § 29-4106(2) (Reissue 2016) has provided for retroactive application of the Act to persons convicted before the date of the Act. Specifically, § 29-4106(2) provides:

> A person who has been convicted of a felony offense or other specified offense before July 15, 2010, who does not have a DNA sample available for use in the State DNA Sample Bank, and who is still serving a term of confinement or probation for such felony offense or other specified offense on July 15, 2010, shall not be released prior to the expiration of his or her maximum term of confinement or revocation or discharge from his or her probation unless and until a DNA sample has been collected.

The Supreme Court noted in *Shepard* that NDCS AR 116.04 "implements this statute and provides that an inmate's refusal to provide a DNA sample will result in administrative withholding of all good time and that the inmate's sentence will be recalculated to the maximum prison term." *Shepard v. Houston*, 289 Neb. at 404, 855 N.W.2d at 564. Shepard refused to provide a DNA sample resulting in the deputy director threatening to forfeit Shepard's good time credit under AR 116.04. Shepard then filed a declaratory judgment action arguing that application of § 29-4106 to him was a violation of the Constitutional prohibitions against ex post facto laws. After reviewing the express terms of § 29-4106 and authority from multiple jurisdictions, the Nebraska Supreme Court held that "insomuch as § 29-4106(2) forfeits Shepard's past and future good time and

- 4 -

recalculates his parole eligibility and mandatory discharge dates without regard to any good time, it violates the constitutional prohibitions against ex post facto laws." *Shepard v. Houston*, 289 Neb. at 430, 855 N.W.2d at 580.

Gray argues for similar application here and argues that AR 116.04 and policy directive 017-020 are unconstitutional. But unlike in *Shepard*, following Gray's filing of this petition, NDCS through policy directive 017-029, eliminated the language in AR 116.04 which would require the forfeiture of his or any other inmates' good time or require a recalculation of his prison term. On the basis that this language had been deleted, the district court held that Gray's petition had been rendered moot.

In *Nesbitt v. Frakes*, 300 Neb. 1, 7, 911 N.W.2d 598, 604 (2018), the Nebraska Supreme Court held:

> A declaratory judgment action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action. At the time that the declaration is sought, there must be an actual justiciable issue from which the court can declare law as it applies to a given set of facts. A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.

Here, by removing subsection IV from the Procedure section of AR 116.04, NDCS removed the issue presented in Gray's petition from controversy. That is, Gray's allegation in his petition that AR 116.04 and policy directive 017-020 resulted in the potential unconstitutional forfeiture of his good time earned and resulted in the increased punishment for his original crime beyond the measure of punishment legally stated at the time the crimes were committed was no longer authorized by the terms of AR 116.04. Accordingly, the district court did not err in holding that the issues raised by Gray in his petition had become moot.

Gray next argues that the provision in AR 116.04 and policy directive 017-020 governing the forfeiture of good time were not promulgated, signed by the Governor, and filed with the Secretary of State in accordance with the Administrative Procedure Act and, therefore, are invalid. Gray's argument is identical to the argument made by Gray in *Gray v. Nebraska Dept. of Corr. Servs.*, 26 Neb. App. 660, 922 N.W.2d 234 (2018), albeit there he was challenging language within AR 116.01 and AR 217.01. As we stated in *Gray*:

> Under the APA, each agency shall file in the office of the Secretary of State a certified copy of the rules and regulations in force and effect in such agency. Neb. Rev. Stat. § 84-902 (Cum. Supp. 2016). No rule or regulation of any agency shall be valid as against any person until 5 days after it has been filed. Neb. Rev. Stat. § 84-906 (Cum. Supp. 2016). Relevant to Gray's argument, the APA provides:
> 
> "(2) Rule or regulation shall mean any standard of general application adopted by an agency in accordance with the authority conferred by statute and includes, but is not limited to, the amendment or repeal of a rule or regulation. Rule or regulation shall not include (a) internal procedural documents which provide guidance to staff on agency organization and operations, lacking the force of law, and not relied upon to bind the public

. . . . For purposes of the act, every standard which prescribes a penalty shall be presumed to have general applicability."
§ 84-901.

*Gray v. Nebraska Dept. of Corr. Servs.*, 26 Neb. App. at 663, 922 N.W.2d at 237-38.

Gray's argument was directed at the language in subsection VII within the procedural section of AR 116.04 arguing that the language constitutes a penalty provision rendering that portion of AR 116.04 a regulation that needed to be promulgated in accordance with the APA and filed in the office of the Secretary of State.

As we noted above, because NDCS removed the language in subsection VI of AR 116.04 with policy directive 017-029, the issue raised by Gray became moot and the district court did not err in so holding.

## CONCLUSION

Based upon our standard of review, we find the district court correctly decided that the issues raised in Gray's declaratory judgment petition were moot. As a result, the decision of the district court is affirmed.

AFFIRMED.