IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

NEILAN V. MERCER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MONTE L. NEILAN, APPELLANT AND CROSS-APPELLEE,

V.

DELINDA E. MERCER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF MICHAEL J. JAVORONOK, APPELLEE AND CROSS-APPELLANT.

Filed October 20, 2020.    No. A-20-211.

Appeal from the District Court for Scotts Bluff County: DEREK C. WEIMER, Judge. Affirmed.

Monte L. Neilan, pro se.

Brenda K. Smith and Gregory F. Schreiber, of Dvorak Law Group, L.L.C., and Rick L. Ediger and Steven W. Olsen, of Simmons Olsen Law Firm, P.C., L.L.O., for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

## I. INTRODUCTION

Monte L. Neilan appeals the order of the district court for Scotts Bluff County which dismissed his complaint for breach of contract against Delinda E. Mercer. Mercer cross-appeals the district court's denial of her request for sanctions against Neilan. For the reasons that follow, we affirm the decision of the district court.

## II. BACKGROUND

Neilan and Michael J. Javoronok were partners in two entities: Javoronok & Neilan, a law practice, and 2M Properties, which owned the real estate out of which the law practice operated. A dispute arose in the dissolution and winding up of the partnerships and a lawsuit was filed by

- 1 -

Javoronok against Neilan in the district court in 2017. Neilan asserted counterclaims in the lawsuit. Before resolution of the lawsuit, Javoronok died and his surviving spouse, Mercer, was appointed the personal representative of his estate and was also substituted as plaintiff in the lawsuit.

On November 13, 2019, Neilan, individually and as partner of the Javoronok & Neilan Partnership and the 2M Properties Partnership (hereinafter the partnerships); Mercer, individually and as Personal Representative of the Estate of Michael J. Javoronok, and in her capacity, if any, as a representative of the partnerships; and Sean Mercer-Smith, entered into a settlement agreement. In pertinent part, the settlement agreement states as follows:

> Mercer, Neilan, and Sean Mercer-Smith shall in good faith take all actions necessary and execute any additional documents necessary to release all encumbrances against the assets of the Partnerships as quickly as possible.
>
> No later than December 13, 2019, Mercer shall execute documents prepared by Neilan to sell, convey, or otherwise transfer Javoronok's interest in 2M Properties Partnership or in the 2425 Circle Drive, Suite 100 **to Neilan or an entity or person designated by Neilan** free and clear of all encumbrances except loan number . . . . Neilan will be solely responsible for taxes, penalties and interest that may arise from the transfer of Javoronok's interest in 2M Properties Partnership or in the 2425 Circle Drive, Suite 100.

(Emphasis in original.)

On December 16, 2019, Neilan filed a complaint in the district court, against Mercer, individually, as personal representative of Javoronok's estate, and in her capacity, if any, as a representative of the partnerships during the winding up phase. Attached to and incorporated into his complaint as an exhibit was a copy of the settlement agreement. Neilan alleged that the defendants breached the settlement agreement by failing to pay the prorated 2019 real estate taxes on the Circle Drive property through December 13 in the sum of $10,318.04, which taxes Neilan alleged constituted an encumbrance on the real estate.

In response, the defendants filed a motion to dismiss the complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) (rev. 2008) on the basis that the complaint failed to state a claim upon which relief could be granted. Specifically, the defendants alleged that pursuant to Neb. Rev. Stat. § 77-203 (Reissue 2018), the real estate taxes at issue were not a lien or encumbrance until at least January 1, 2020, and were the liability of the owner at the time the property taxes were due and payable, which was Neilan. The defendants also alleged that Neilan's complaint was frivolous and sought sanctions against Neilan under Neb. Rev. Stat. § 25-824 (Reissue 2016).

On February 25, 2020, the district court entered an order granting the motion to dismiss and dismissing Neilan's complaint, without prejudice. The court, after reciting the appropriate legal standards regarding dismissals under § 6-1112(b)(6), determined that the issue before it was whether the term "encumbrance" in the settlement agreement obligated the defendants to pay the prorated portion of the 2019 real estate taxes. The court noted that the term "encumbrance" was not defined in the settlement agreement. The court relied upon § 77-203 and the case of *Whiteside v. Whiteside*, 159 Neb. 362, 67 N.W.2d 141 (1954), in concluding that 2019 real estate taxes did not become due and payable until January 1, 2020, and therefore were not a lien or encumbrance on the real estate as of the date of the closing on December 13, 2019. The court noted Neilan's

argument that "while *Whiteside* may be instructive, the law permits parties to contract for a different timeframe or determination of real estate tax liabilities." However, the court rejected Neilan's argument that the parties here agreed to a different result, and that they mutually intended to prorate the 2019 real estate taxes from January 1, 2019, through December 13, 2019, to be paid by the defendants as an encumbrance on the real estate. The court found that the plain language of the settlement agreement did not contain such a provision. The court concluded that because the 2019 real estate taxes were not an encumbrance on the real estate, this was "an insuperable bar to relief" and therefore, no amendment to the complaint was warranted or permitted.

The district court declined to find that Neilan's complaint was frivolous and to award the defendants any sanctions.

Neilan timely appealed.

### III. ASSIGNMENTS OF ERROR

Neilan assigns that the district court erred (1) in finding that real estate taxes cannot be an encumbrance until so established by § 77-203, (2) by premising the dismissal of his complaint upon an impermissible determination of extrinsic facts, and (3) in finding that Neilan cannot re-plead his claim around the definition of "encumbrance" found in § 77-203 and *Whiteside v. Whiteside, supra*.

Mercer assigns on cross-appeal that the district court erred in overruling her request for sanctions against Neilan for filing the frivolous complaint.

### IV. STANDARD OF REVIEW

A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020). On appeal, an appellate court will uphold a lower court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation in the absence of an abuse of discretion. *George Clift Enters. v. Oshkosh Feedyard Corp.,* 306 Neb. 775, 947 N.W.2d 510 (2020).

### V. ANALYSIS

#### 1. NEILAN'S APPEAL

#### (a) Real Estate Taxes as Encumbrance

Neilan first argues that real estate taxes, which are reasonably certain to be owed and paid, may constitute an "encumbrance," within the plain and ordinary meaning of that word, as an ordinary or reasonable person would understand that word, and it was reversible error for the trial court to rule otherwise.

Neilan is correct that the law requires us to accord contract terms their plain and ordinary meaning. When the terms of a contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as an ordinary or reasonable person would understand them. *Lassalle v. State*, 307 Neb. 221, ___ N.W.2d ___ (2020). In such a case, a court shall seek to ascertain the intention of the parties from the plain language of the contract. *Misle v. HJA, Inc.*, 267 Neb. 375, 674 N.W.2d 257 (2004).

Neilan argues that the district court, instead of according the word "encumbrance" its plain and ordinary meaning, erroneously used a technical and legal meaning for that word adopted by the Nebraska Supreme Court in 1954 rather than the meaning of the word as an ordinary and reasonable person would understand that word in 2019. Neilan suggests that the understanding of the word "encumbrance" should come from the dictionary which, according the most recent Merriam-Webster definition, he asserts is: "1: something that encumbers; impediment, burden; 2: a claim (such as a mortgage) against property." Brief for appellant at 9.

In *Whiteside v. Whiteside*, 159 Neb. 362, 67 N.W.2d 141 (1954), the Nebraska Supreme Court was called upon to determine a claim against a decedent's estate for payment of 1952 real estate taxes (the decedent/joint tenant died in October 1952). On appeal, the court determined that pursuant to § 77-203 (1943), the 1952 real estate taxes were "not due and payable and did not become a lien or encumbrance on the property until January 1, 1953 [the operative date in the statute at that time], next following the levy thereof," which was after the remaining joint tenant became the sole owner of the real estate. *Whiteside v. Whiteside, supra*, 159 Neb. at 366, 67 N.W.2d at 144.

Neilan argues that the Supreme Court's use of the word "encumbrance" in *Whiteside* was seemingly "literary flourish" since the statute at issue only referred to liens, and was erroneously used synonymously with the word "lien." Brief for appellant at 8. However, Neilan points to no legal authority for his argument that such words should not have been used synonymously in such a situation and *Whiteside* remains good law.

The current version of § 77-203 (Reissue 2018), in relevant part, provides:

All general real property taxes levied for any county, city, village, or other political subdivision therein shall be due and payable on December 31 next following the date of levy except as provided in section 77-1214. Commencing on that date taxes on real property shall be a first lien on the property taxed until paid or extinguished as provided by law.

The Nebraska Supreme Court addressed the question of apportionment of real estate taxes in an estate proceeding in *In re Estate of Olsen*, 254 Neb. 809, 579 N.W.2d 529 (1998). Relying upon § 77-203 (Reissue 1996), the court determined that real property tax liability rests with the owner or owners of the real property at the time real property taxes are charged, accrued, or assessed, i.e., "due and payable." Thus, because the decedent in that case died before the taxes were due and payable on December 31, the court determined that the taxes should not be apportioned between the estate of the life tenant and the remaindermen.

Neilan admits that the 2019 real estate taxes were not a lien at the time the settlement agreement was signed in 2019. Brief for appellant at 9. Nevertheless, he argues that "on *December 31st*, they were reasonably certain to become due and owing and a lien that would have to be paid." Brief for appellant at 9 (emphasis supplied). Neilan further argues that because the real estate taxes were reasonably certain to be due and owing on December 31, they were an impediment, a burden, and a claim against the real estate, such that they were an encumbrance under the plain and ordinary meaning of that word. We disagree.

The operative date in the settlement agreement is December 13, not December 31. On December 13, the 2019 real estate taxes were not due and owing. The settlement agreement clearly does not refer to liens or encumbrances that are "reasonably certain to become due and owing" and "would have to be paid." According the word "encumbrance" its plain and ordinary meaning, even as defined by Neilan, leads us to the same conclusion as the district court. As of December 13, 2019, the 2019 taxes were not an impediment, a burden, or a claim on the real estate. Section 77-203 (Reissue 2018) clearly states that real estate taxes do not become due and owing until December 31. Had it been the intention of the parties to prorate the 2019 real estate taxes, as opposed to following the language of the statute, such provision should have been included in the agreement.

In our de novo review, we agree with the district court that the plain language of the settlement agreement did not obligate Mercer to pay a pro rata share of the 2019 real estate taxes.

(b) Impermissible Determination of Extrinsic Facts

Neilan next argues that the district court erred by premising the dismissal upon an impermissible determination of extrinsic facts. For purposes of a motion to dismiss, a trial court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013).

Neilan asserts that the district court failed to accept as true his allegation in the complaint that "the 2019 real estate taxes, prorated through December 13, 2019 [346 days] constitute an encumbrance on the Real Estate." Although we agree that the district court rejected this allegation, it did so on the basis of the clear terms of the settlement agreement upon which Neilan asserted his claim and which was included as an exhibit to his complaint, not on any extrinsic evidence. "A prime example of documents '"necessarily embraced"' by a pleading is a written contract in a case that involves a dispute over the terms of the contract." *Id.*, 285 Neb. at 980-81, 830 N.W.2d at 496.

Further, we find that Neilan's statement in his complaint regarding the alleged encumbrance amounted to a legal conclusion, not a factual allegation. The court was not required to accept as true that legal conclusion. *Id.* We find no error in the district court's rejection of this allegation.

(c) Leave to Amend Complaint

Finally, Neilan assigns that even if his complaint failed to state a claim upon which relief can be granted, it was error for the district court to not grant him leave to amend the complaint. Dismissal under § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Vasquez v. CHI Properties*, 302 Neb. 742, 925 N.W.2d 304 (2019). Neilan suggests that he may be entitled to some other type of equitable relief under quasi-contract or tort theories. However, Neilan's position has clearly been that the real estate taxes were an encumbrance on the property at the time the settlement agreement was executed. We find no error in the district court's determination that no amendment to the complaint would be warranted or permitted. Neilan cannot now allege facts that would alter the terms of the settlement agreement, and we have affirmed the

court's rejection of his claim based upon clear statutory authority and case law precedent. Permitting Neilan to amend his complaint would have been futile.

## 2. APPELLEES' CROSS-APPEAL

On cross-appeal, Mercer assigns that the district court erred in overruling their request for sanctions against Neilan for filing the frivolous complaint, including but not limited to, the amount of any and all attorney fees and costs.

Mercer sought sanctions under § 25-824(2), which provides for an award of reasonable attorney fees and court costs against any attorney or party who has brought a civil action that alleges a claim which a court determines is frivolous or made in bad faith. Frivolous for the purposes of § 25-824 is defined as being a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit. *George Clift Enters. v. Oshkosh Feedyard Corp.,* 306 Neb. 775, 947 N.W.2d 510 (2020). Frivolous connotes an improper motive or legal position so wholly without merit as to be ridiculous. *Id*. Any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. *Id*.

While we have rejected Neilan's claim that the settlement agreement provided for the pro rata payment of 2019 real estate taxes, based upon the plain language of the settlement agreement and the clear statutory provision and case law precedent, we cannot find an abuse of discretion by the district court in failing to impose sanctions against Neilan.

## VI. CONCLUSION

Upon our de novo review, we find that the district court did not err in granting Mercer's motion to dismiss Neilan's complaint for failure to state a claim, or in determining that no amendment to the complaint would be warranted or permitted. We find no abuse of discretion by the district court in denying Mercer's request for sanctions against Neilan under § 25-824(2).

AFFIRMED.